JULIA A. HALL *v.* WILLIAM H. CLOPTON, EXECUTOR, ETC.

1. PROMISSORY NOTE. *Surety. Consideration.*
   Forbearance by the payee of a promissory note to sue the maker thereof is a sufficient consideration to support a contract of suretyship made by a third person signing the note, although the maker did not assent thereto.

2. SAME. *Fraud.*
   If the payee entraps a third person into signing a promissory note as surety, in consideration of extending further time to the maker, by the false statement that the maker desires it, when in fact the maker has refused to give any security, then the contract of such third person is void for fraud.

3. EVIDENCE. *Hearsay. Res gestæ. Verbal acts.*
   Conversations between the plaintiff and his agent, not in presence of the defendant, are incompetent as against the defendant; but such agent may state that

he acted as agent for the plaintiff, the payee of the note sued on, in demanding additional security, without which said payee refused to receive the note, these facts being verbal acts constituting a part of the *res gestœ.*

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

The notes on which Julia A. Hall based this suit were originally made and signed by L. Haughton alone ; but, some months after the notes were overdue, James Haughton, against whose representative the suit is brought, signed the notes by subscribing his name immediately under that of the original maker. In *Clopton v. Hall,* 51 Miss. 482, the court decided that James Horton's contract was not that of a joint maker, and, therefore, a consideration must be proved. The case was remanded. The remaining facts appear in the opinion of the court.

*Houston & Reynolds,* for the plaintiff in error.

1. The consideration was the forbearance to sue L. Haughton, which supports the new contract of James Haughton (1 Pars. on Con. 433, notes *e, f,* 438, 440, 442) ; and this is true, although L. Haughton may not have asked or desired forbearance. 1 Pars. on Con. 446, note *w,* 443, notes *e, f; Steadman v. Guthrie,* 4 Metc. (Ky.) 147.

2. The testimony that the husband, as agent for his wife, demanded the new surety, without which she refused to take the notes, was clearly part of the *res gestœ,* and competent.

*Murphy, Sykes & Bristow,* for the defendant in error.

1. The conclusions of the jury on the questions of fact were correct. The verdict was in accordance with the preponderance of evidence, not against it. *Cicily v. The State,* 13 Smed & M. 202.

2. The instructions are correct. Gratuitous undertakings in behalf of a third person, who objects thereto, create no liability. Story on Con., sect. 454 ; 1 Pars. on Con. 446, notes ; *Jones v. Wilson,* 3 Johns. 434 ; *Menderback v. Hopkins,* 8 Johns. 436 ; *Beach v. Vanderberg,* 10 Johns. 361 ; *Frear v. Hardenberg,* 5 Johns. 272. Authority is necessary to sup-

port the charge that fraudulent misrepresentations as to L. Haughton's wish would avoid J. Haughton's contract. A new trial will not be granted because of irrelevant charges, if the jury were fully instructed upon the points involved in the issue, and it appears they could not have been misled by the charges. *Holden* v. *Bloxum*, 6 Geo. 381; *Wood* v. *Gibbs*, 6 Geo. 559; *Magee* v. *Harrington*, 13 Smed. & M. 403. Even an *erroneous* instruction will not be cause for setting aside a verdict when the verdict is according to the law and the evidence. *Brantley* v. *Carter*, 4 Cush. 283; *Cameron* v. *Watson*, 40 Miss. 191; *Holloway* v. *Armstrong*, 1 Geo. 504; *Railroad Co.* v. *Whitfield*, 44 Miss. 466; *Hanna* v. *Renfro*, 3 Geo. 125; *Corbin* v. *Cannon*, 2 Geo. 570.

3. The excluded testimony was hearsay. But, if admitted, it could not have changed the result; and, therefore, even if improperly excluded, a new trial will not be granted. *Cogan* v. *Frisby*, 7 Geo. 178.

CHALMERS, J., delivered the opinion of the court.

This case has been heretofore in this court, and will be found reported in 51 Miss. 482. The verdict and judgment against the estate of James Haughton, which was then before us, was reversed because no consideration was shown for the contract evidenced by his signature to the notes sued on, it being admitted that he signed many months after their execution by his brother Lafayette. Upon the second trial, from which this appeal is taken, the defect of proof upon the former one was attempted to be supplied by testimony to the effect that the payee of the notes refused to receive them without some name additional to that of Lafayette Haughton, and that an extension of time was given in consideration of James Haughton's signature. Upon most of the questions of fact involved, the testimony was directly conflicting, but we cannot discover that there was any conflict as to the fact that James Haughton signed the notes upon a promise of forbearance by the creditors to institute suit

against Lafayette, and that such forbearance was actually given. Such is the undisputed testimony of Mr. Hall, who, as agent for his wife, the payee of the notes, procured the addition of James Haughton's name. It is said, however, that, if Hall's act in obtaining James's signature was without authority from Lafayette, as the latter testifies that it was, no liability was by the signature imposed upon James. This view of the law was adopted by the learned judge below, who instructed the jury " that a promise to James Haughton by Hall, to forbear suit against L. Haughton, when such promise was neither asked nor desired by L. Haughton, is in law no such consideration as will sustain a contract between Hall and James Haughton." This is erroneous. It is well settled that the forbearance to sue need not be to the person with whom the new contract is made, but will afford a valid consideration if extended, at the instance of the party newly bound, to some other person already bound. 1 Pars. on Con. 443.

If James Haughton signed the notes in consideration that suit should be forborne against ' Lafayette, and suit was actually so forborne, this is sufficient to support the contract, and we know of no principle or authority which renders it void because Lafayette had not requested or assented to it. It was entirely competent for James to bargain with Hall, when informed that suit was about to be instituted against his brother, that he would become a guarantor of the notes if time should be given. The loss of time to Hall, and the consequent risk thereby incurred, is a sufficient consideration to support the contract, without regard to whether there was any benefit derived, either by James or by Lafayette. Loss, or the danger of loss, to the creditor is a consideration as sufficient as benefit to the debtor.

If it be true, however, that Hall entrapped James Haughton into signing the notes, by falsely pretending that Lafayette desired it, when, in point of fact, Lafayette had declined to make such request, and had expressly refused to give any

security, then the contract would be void for fraud. The jury were correctly instructed on this point, but the testimony in relation to it was conflicting; and it may be that the jury were misled, by the erroneous charge quoted above, into the belief that, even though no false representations had been made to James, his signature imposed no liability, because not requested by Lafayette. For this error the case must be reversed.

As to the errors alleged in the exclusion of testimony, we remark that it was not competent for Mr. and Mrs. Hall to testify as to what was said between themselves in the absence of defendant, but it was competent to state that Mrs. Hall refused to receive the notes of Lafayette Haughton without security. It was competent for the husband also to testify that he acted as the agent of the wife, and in accordance with her instructions, in making demand for security. These are verbal facts, which constitute a part of the *res gestæ.*

No objection was made in the court below, nor in this court, to Mrs. Hall's competency as a witness to establish her own claim against James Haughton's estate.

Judgment reversed.