CHARLES PALOTTA v. JACKSON LIGHT & TRACTION CO.

[64 South. 938.]

1. STREETS. *Law of the road. Code* 1906, *section* 4412. *Standing teams.*
    Whether Code 1906, section 4412, regulating the passage of ve-
    hicles on highways applies to streets in a city or not, the same
    rule there prescribed has grown into a custom which as a
    part of the common law, is applicable to streets and the courts
    will take judicial knowledge of this custom.

2. SAME.
    Where the driver of a vehicle driving on the right side of a street
    finds a vehicle already on that side he is justified in turning to
    the left, since "that which is not otherwise lawful, necessity
    makes lawful."

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.

Suit by Charles Palotta against the Jackson Light &
Traction Company. From a judgment for defendant,
plaintiff appeals.

Appellant brought suit for damages for injuries al-
leged to have been sustained by him. The case was sub-
mitted to a jury, who returned a verdict for defendant.

The appellee owns a street railway system in the city
of Jackson, Mississippi; a part of the line extending
over what is known as West Capitol street. Between
Gallatin street and Lemon street, a distance of about four
blocks, the city had laid pavements, and at a subsequent
date had ordered the street railway to pave between the
tracks. That part of the line is a single track, and in
order to pave it was necessary to take up the track, so
that for some time the cars could not run over it. The
material had been assembled on the north side of West
Capitol street, between Gallatin and Lemon streets, and
north of the right of way of the street railway, so that
it became necessary for traffic to use the south side of

Capitol street, south of the right of way of the street railway. For the accommodation of the passengers on the cars of the appellee the appellee operated a large cab between Gallatin and Lemon streets, so that the through passengers, disembarking from the cars, would be given a transfer and carried over the distance between Gallatin and Lemon streets in this cab, and use their transfers when they again boarded the appellee's cars.

Appellant was a passenger going west on one of appellee's cars. When the car reached Gallatin street, the passengers all got out, and a large number of them got into the cab, filling it up before appellant could get a seat. Appellant thereupon got on the step of the cab and held to the window sash. The evidence is conflicting as to whether he was acting with the knowledge and consent of the driver of the cab, who was in the employ of the railway company, or whether the driver protested. The cab proceeded west on the south side of Gallatin street and south of the right of way of the railway company. Another vehicle occupied that part of the street nearest the railway right of way, so that the driver of the cab turned to the left to pass his vehicle, and appellant, who was on the steps on the left-hand side, was scrapped against a telephone pole standing between the curb and the sidewalk, and thrown from the step and injured.

It is the contention of the appellant that section 4412 of chapter 123 of the Code of 1906, the subject-matter of which is "Roads, Ferries and Bridges," applies to the streets of municipalities as well as to public roads, and that the driver of the cab in question was guilty of negligence in not driving to the right in passing the other vehicle. Said section is as follows:

"4412. Traveling on Public Roads.—All drivers of carriages or other vehicles, whether of burden or pleasure, using any public road, when met by another carriage or vehicle, shall keep to the right hand, and when over-

taken by another carriage or vehicle shall also keep to the right hand, so as, in both cases, to permit the carriage or vehicle so meeting or overtaking to pass free and uninterrupted; and any person willfully offending against this provision shall be guilty of a misdemeanor, and, on conviction, fined five dollars for each offense; and if .injury result therefrom, the person so offending shall be subject to an action for damages at the suit of the party injured.''

*Howie & Howie,* for appellant.

It was not disputed but that the conductor drove to the left of the street in passing. The accident could not have happened if he had driven to the right as there was no post there to hurt appellant. The court was asked to instruct the jury regarding the law of the road on the part of the plaintiff. Both those instructions were refused. Not only that but the instruction asked by the appellee which was directly in the face of the law, was given.

Under the common law ''a traveler is ordinarily liable for accident caused by his failure to keep to the right, but may not be liable even though he drove to the left, if that was not the proximate cause of the accident.'' The first instruction was drawn so as to exactly fit this rule. It was refused. If the jury believed that this driving to the left was the proximate cause of the accident then they should have been instructed to find for the appellant. This was bad enough if nothing else had been done, but when it is remembered that the court instructed the jury for the appellee that this law was not applicable, it was worse. See 37 Cyc., p. 270.

The second instruction was drawn under the statute. Section 4412 of the Code, 1906, which provides with reference to parties that are hurt by driving to the left ''If injury result therefrom, the person so offending shall be subject to an action for damages at the suit of the party

injured." It is contended that this applies only to "country public roads." This construction of the statute is not proper. The meaning of the statute is that it is intended to cover all public highways; road here is used as synonymous with highway.

"In its broadest sense the term "road" is synonymous with "way," and thus applies to any place set apart and appropriated, either *de juri* or *de facto,* for the purpose of free passage, whether by public authority or by general license or permission of the owners of the land. More commonly in legal acceptation the term road is synonymous with highway." See 37 Cyc., p. 16. Under this definition, which is universally accepted as being correct, Capitol street would certainly be a highway or public road within the meaning of the Code section. "The law of the road extends to all public highways however created." 37 Cyc., p. 269.

We submit therefore that the court erred in not giving both of the instructions asked by the appellant regarding the law of the road and also in granting the instruction asked by the appellee which stated that this law did not apply. These errors were fatal to the case of the appellant and the judgment in this case should be reversed on account of this error.

*Wells, May & Sanders,* for appellee.

The instructions which were given for the plaintiff in this case were the full measure of his rights and properly stated the duty and liability of the defendant, and the refused instructions which were asked on behalf of the plaintiff were properly refused.

What is denominated as "the law of the road" has no application to a case where the circumstances are such as are presented by this record. The law of the road, according to its technical signification, applies only to drivers of vehicles which are in motion on the public roads of the country, and have no application to the crowded

streets of the city, and especially to a situation where the streets of the city have been, by the city itself, torn up and disturbed to such an extent as to allow only a narrow passageway for vehicles on one side of the street of a much traveled street.

The right result has been reached in this case and we respectfully submit that the judgment of the lower court should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The court below refused, though requested by appellant so to do, to submit to the jury the question of whether appellee's "driver was negligent in not driving to the right," instead of to the left, of the road on the occasion in question, and granted, at the request of appellee, an instruction "that what is known as the law of the road only applies to drivers of vehicles which are in motion on the public roads of the country, and the statutes which prescribe the rule of conduct denominated as the law of the road have no application in this case."

It is unnecessary for us to determine whether or not section 4412 of the Code applies to the streets within a municipality, for the reason that, even should it be held not to apply thereto, it but announces a custom so long and universally observed as to be, in the absence of a statute, a part of our common law applicable to all highways. 37 Cyc. 269; 2 Elliott, Roads and Streets (3 Ed.), sec. 1078. In England the rule is that "in meeting, each party must keep to the left," and according to Elliott, *supra*, in a note to section 1079, "this rule is thus stated in an old rhyme:

> " "'Tis a law of the road
> Though a paradox quite,
> If you keep to the left,
> You'll always be right.' "

With us, however, the rule is that, when persons meet on a highway, each must keep to the right, and "if there

is no statute upon the subject, proof of this custom is not necessary, for the court will take judicial knowledge of it.'' Elliott, *supra,* sec. 1080; *Lee* v. *Foley,* 113 La. Ann. 663, 37 So. 594.

This rule, however, is not an inflexible one, and circumstances may arise which will make it necessary to violate it. In the case at bar it is beyond question that, when appellee's vehicle approached the place where the accident occurred, the right side of the street was occupied by a wagon, and, since two bodies cannot occupy the same space at the same time, there was nothing for appellee's driver to do but turn to the left. He was therefore justified in so doing, for "that which is not otherwise lawful, necessity makes lawful, and necessity makes a privilege which supersedes the law.''

It follows, therefore, that the court below committed no error in refusing to grant the instruction requested by appellant, and that no harm resulted to him by reason of the granting of the instruction requested by appellee, for the reason that appellee was entitled to an instruction charging the jury that in so far as the law of the road is concerned its driver was justified in turning to the left.

There being no merit in the other matters complained of, the judgment of the court below is affirmed.

*Affirmed.*