*In re* GRIMES' ESTATE.

WEATHERSBY *v.* GRISHAM *et al.*

(In Banc.   March 8, 1948.)

[34 So. (2d) 197.   No. 36666.]

**R. C. Russell,** of Magee, for appellant.

McFarland & McFarland, of Bay Springs, and **R. S.** **Tullos**, of Raleigh, for appellees.

**Roberds, J.,** delivered the opinion of the court.

C. W. Grimes departed this life February 1, 1946. On February 6, 1946, an instrument of writing dated January 3, 1946, purporting to be his last will and testament, was admitted to probate in common form in Smith County, Mississippi. The sole beneficiary in this supposed will is Robert Hiram Millsaps, about three years of age. Appellees, two sisters and the only heirs-at-law of Grimes, filed this contest of that will, alleging that the signature was a forgery. By agreement, a jury was waived and the chancellor passed upon the law and the facts. He found that the will had been forged. From that decree, the minor beneficiary, through O. O. Weathersby, his guardian ad litem, appeals.

We find only one error in the proceeding, but that error necessistates a reversal and a remand of the cause for a new trial. It consists of the testimony of William Henry Gatewood, a witness for contestants, detailing oral statements made to him by Mrs. Christine Millsaps. He testified, over objection, that on the date C. W. Grimes was buried Mrs. Millsaps stated to him that she then had in her possession an unsigned and worthless paper—"that the paper wasn't signed and wasn't worth anything"—evidently referring to the alleged Grimes will; that she also tried to persuade him to claim to be the owner of the stock and cattle left by Grimes, so that she herself, through an agreement with Gatewood, might get all, or a part, of such personal property, and that he declined to enter into that arrangement.

Obviously, these statements were pure hearsay as evidence to establish the facts implied therein. They could only have been competent as being against the interest of Mrs. Millsaps or to contradict her as a witness. As to the first ground, that of interest, she was not a party to the litigation, and she took nothing whatever under the will. Nor had she been appointed guardian of Robert Hiram Millsaps, the sole beneficiary in the will. It is true she was his Mother, but the mere contingent possibility of some future undefined benefit accruing to her as Mother if the minor became the owner of the property under the will did not vest in her such property right as justified admission of these statements as being against her interest. Nor was she a witness, either so used on behalf of proponents or adversely by contestants. Whether contestants had the right to place her on the stand as an adverse witness is not before us. The nearest approach to establishing a ground for receiving her hearsay statements was this. The alleged will was purportedly witnessed by William Gatewood, a brother of Mrs. Millsaps, and Mrs. Hodge, a sister. They testified it was executed at the home of Mrs. Hodge, which was some thirty miles from the home of Grimes, and that, after execution, the

will was delivered to Mrs. Millsaps, who continuously retained possession thereof until it was delivered by William Gatewood and Mrs. Millsaps to the named executor therein after the death of Grimes. Of course, the foregoing oral statements of Mrs. Millsaps, if true, would have contradicted the fact the will had been executed by Grimes. But such verbal statements were not competent for that purpose as here used. Mrs. Millsaps could not, by extra judicum statements to another, establish, or negative, facts, nor did such statements contradict her as a witness.

We cannot say that such statements did not have weight with the chancellor in reaching the conclusion that Grimes' name had been forged to this instrument. His opinion is not in the record. We can readily understand that such statements might have had great weight with him under the circumstances of this case.

Reversed and remanded.