MONTAGUE *v.* JONES, et al.

No. 43683 November 22, 1965 180 So. 2d 316

*Chary & Weldy,* Hattiesburg; *Vernon Brown,* Colum-
bia, for appellant.

*Hall, Callender & Dantin, Ernest Duff, Richard Foxworth,* Columbia; *Lipscomb, Barksdale & Steen,* Jackson, for appellees.

GILLESPIE, J.

Mrs. Mable Rodgers Montague, the widow and administratrix of the estate of Earl Brewer Montague, deceased, sued Joe M. Jones and his employer, Dean Griner, for the alleged wrongful death of Earl Brewer Montague. The suit was for the use and benefit of the administratrix and her seven children.

After the plaintiff had introduced her evidence and rested, the court sustained a motion for a directed verdict. Judgment was entered in favor of the defendants and plaintiff appealed.

 █ It is a settled rule that when considering a motion for a directed verdict all evidence in favor of the party against whom the motion is made must be considered as true and the evidence in contradiction thereof must not be considered. █ If the evidence on behalf of the party against whom the motion is made and the reasonable inferences that may be drawn therefrom would support a verdict, the motion should be overruled. Berry v. Brunt, 252 Miss. 194, 172 So. 2d 398 (1965). We state the facts in the light most favorable to the plaintiff in accordance with this rule.

The case arose out of a collision between a truck owned by defendant Griner and operated by defendant Jones and an automobile belonging to Earl Brewer Montague, deceased. The deceased had an accident on a bridge and had gotten out of his automobile. Defendant's truck collided with the Montague automobile and drove it against Montague, inflicting injuries from which he died a few hours later. The negligence charged against defendant Jones was that he was operating a heavy truck with a water-well drilling rig thereon belonging to defendant Griner, (1) at a reckless and dangerous rate of speed approaching the Tallahala Creek Bridge, (2) failed to keep a proper lookout, (3) failed to keep the truck under easy and proper control, and (4) failed to turn his vehicle to the left to avoid the

collision with the vehicle of the deceased which had become disabled on the bridge.. The question is whether the evidence made a jury issue. We hold it did.

The defendant Dean Griner is engaged in the water-well drilling business and operates out of Columbia, Mississippi. On November 11, 1964, four vehicles belonging to Griner were dispatched to Chatham, Alabama. These vehicles left Columbia at 4:30 A.M., traveling east on Mississippi Highway 42. The first vehicle in the convoy was a truck loaded with pipe, operated by one Stampley; the second was a Plymouth automobile operated by Dean Griner, Jr.; the third was a large truck loaded with a water-well drilling rig weighing approximately eleven tons; the fourth was not involved in the accident.

Shortly before 5:30 A.M., on said date, Earl Brewer Montague, the deceased, was operating an automobile with Jolly Matthews as a passenger. They were traveling in an easterly direction across the Tallahala Creek Bridge. Highway 42 at said point runs east and west, and the bridge across Tallahala Creek is about 1200 feet long. The span of the bridge over the creek is about 800 to 900 feet from the western end. When Montague drove his automobile on the bridge it was sleeting. His speed was 30 or 35 miles per hour. The span directly over the creek was frozen over, although no other part of the bridge or the highways or bridges in the area was frozen over. When the Montague automobile entered upon the bridge, it began to slide and went out of control. It struck the right side of the bridge and bounced to the opposite side, then turned around facing west in the eastbound lane of traffic, with one wheel and fender a foot or a foot and a half over the center line into the westbound lane of traffic. Matthews got out of the automobile to see if any damage had been done and saw and heard the convoy of vehicles belonging to defendant Griner coming from the west, whereupon

he opened the automobile door and told Montague to turn on his bright lights and run for his life. Matthews ran to the east and had gotten a short distance away when the first of the convoy of vehicles passed without striking the Montague automobile. Shortly thereafter the second vehicle, the Plymouth automobile, passed the disabled automobile without accident. Then the third vehicle struck the Montague automobile and drove it against the deceased, inflicting fatal injuries.

The headlights of Montague's automobile had not been damaged in the collision; it was facing west in the eastbound lane of traffic with its headlights on bright as the Griner vehicles approached from the west. Visibility in the area was poor. The convoy of our vehicles was traveling 40 to 45 miles per hour. The truck bearing the drilling rig driven by the defendant Jones was 100 to 200 yards behind the Plymouth automobile driven by Griner when they approached the curve just prior to entering on the bridge. The bridge and highway are straight for at least 900 feet west from the place where the collision took place. When the truck driven by defendant Jones was approximately 150 yards behind the Plymouth automobile, Jones saw the Plymouth begin swerving on the bridge. Jones had not seen the deceased's automobile or its lights and had not slowed down; he slacked off his gas about the time he saw the Plymouth dodging something on the bridge, but he did not attempt to bring the truck to a stop, although he admitted that he could have done so. Jones realized that the Plymouth was dodging something, but failed to make any effort to stop his truck. Jones admitted seeing the deceased's automobile when he was about 300 feet away. He was unable to drive his truck through the ten-foot space left between the northern side of the bridge and the Montague automobile. The truck driven by Jones ran into the Montague automobile and knocked it against Montague.

The evidence in this case was sufficient to justify the jury in finding against the defendants on at least three charges of negligence set out in the declaration.

■■ It was sleeting and visibility was poor, and while the drivers of the convoy had not encountered any ice to the west, the exercise of reasonable care required caution commensurate with prevailing weather conditions. The evidence justified a finding that the vehicles were traveling at a greater rate of speed than was reasonable under the circumstances. Miss. Code Ann. § 8176(b) (Supp. 1964).

■■ The lights of the disabled Montague automobile were shining west, and the evidence justified a finding that Jones could and should have seen these lights for a considerable distance before he reached the part of the bridge spanning the creek, and that he should have brought his vehicle under control and the failure to do so was because he did not keep a proper lookout. Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461 (1952).

■■ The evidence justified a finding that Jones failed to keep his vehicle under proper control under the circumstances both before and after he saw the Plymouth automobile swerving and dodging on the bridge; and that he should have brought his vehicle to a stop before he reached the Montague automobile. He admitted that he could have stopped after he saw the Plymouth swerving.

We have carefully considered the cases from other jurisdictions, cited by appellees, where it was held under varying circumstances that motorists were not guilty of negligence in skidding on icy surfaces and colliding with parked or disabled automobiles. Those cases are not persuasive. Our decision in this case is not based alone on the fact that the truck skidded on the icy bridge and collided with the Montague vehicle. The mere fact that the truck skidded and collided with the disabled

vehicle was not negligence. The plaintiff was entitled to have his case decided by the jury because the evidence justified a finding that the negligent acts and omissions of Jones was the proximate cause of the collision. The case is reversed and remanded for jury trial.

Reversed and remanded.

*Ethridge, P. J., and Jones, Brady and Inzer, JJ.,* concur.