RODGERS, Presiding Justice.
Charles A. Roell, a minor, filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against Rick Cash and T. L. James Construction Company. The declaration was subsequently amended and Cook Construction Company was substituted for T. L. James Construction Company. Rick Cash filed a *564 counterclaim against Charles Roell. At the end of the plaintiff’s testimony the circuit judge sustained a motion for a directed verdict in favor of Cook Construction Company. At the close of all the testimony, the circuit judge sustained a motion for a directed verdict in favor of the counter-defendant Charles A. Roell. The suit by Roell was permitted to go to the jury. The jury returned a verdict in favor of plaintiff Charles Roell in the sum of twenty thousand five hundred dollars ($20,500.-00).
This case arises out of an automobile accident in which both the plaintiff and the defendant were injured when their cars collided head-on. There were no other passengers in either car at the time of the collision. The accident occurred on Mississippi highway 25 several miles east of the Pearl River and River Hills Country Club. The accident occurred about ten-thirty (10:30) at night on May 1, 1969. Highway 25 was still under construction and had, therefore, not been opened to the public for travel. Both the plaintiff and the defendant were traveling in the north set of lanes in the new four-lane highway. Plaintiff alleges that this was because the southern set of lanes was barricaded and inaccessible to travel at that time.
Highway 25 traverses a course east and west. In the trial of the case the accident is said to have occurred in the northern set of lanes, or the set of lanes intended to be used for westbound traffic upon the completion of the highway. The plaintiff, counter-defendant, Charles Roell, was traveling east in the southern lane of the northern set of lanes, and the defendant, counter-plaintiff, Cash, was traveling west in the northern lane of the northern set of lanes.
There is testimony that some motorists could and did travel on the south two lanes of the new highway going east. We think that it is fair to say that motorists were using both the south and north lanes of the new highway, and that barricades were located at the east end of both the south and north two lanes of traffic.
It is the contention of the appellant Rich Cash, that the appellee, Charles A. Roell, should have traveled east on the south two lanes of the new highway and a failure to so do was evidence of negligence on the part of appellee, since a reasonable and prudent person would have traveled east on the south lanes of traffic.
 We are of the opinion, however, that both the appellant and the appellee should not have traveled on the closed portion of the new highway without regard as to which lanes were used. It is admitted by both parties that the statutory rules of the road are inapplicable in a motor vehicle accident where a new road is under construction and before it becomes a highway. We must, therefore, hold that neither party was required to drive on either of the two lanes going east or west at the time of the accident.
The appellant further contends that even if it can be said that the appellee Roell was justified in traveling the north two lanes of the new highway, he was negligent because the automobile collision occurred in the north lane of the north two lanes, and that had the appellee Roell continued east in the south lane of the north two lanes, there would not have been an accident.
Under the common law when two vehicles met traveling in opposite directions, custom in this country required the drivers of the vehicles to pass on their right.
In the case of Palotta v. Jackson Light & Traction Company, 107 Miss. 61, 64 So. 938 (1914), this Court said:
“It is unnecessary for us to determine whether or not section 4412 of the Code applies to the streets within a municipality, for the reason that, even should it be held not to apply thereto, it but announces a custom so long and universally observed as to be, in the absence of a statute, a part of our common law appli *565 cable to all highways. 37 Cyc. 269; 2 Elliott, Roads and Streets (3d Ed.) § 1078. In England the rule is that ‘in meeting each party must keep to the left,’ and according to Elliott, supra, in a note to section 1079, ‘this rule is thus stated in an old rhyme:
“ ‘ ’Tis a law of the road
Though a paradox quite,
If you keep to the left,
You’ll always be right.’ ”
“With us, however, the rule is that, when persons meet on a highway, each must keep to the right, and ‘if there is no statute upon the subject, proof of this custom is not necessary, for the court will take judicial knowledge of it.’ Elliott, supra, § 1080; Lee v. Foley, 113 La. 663, 37 So. 594.” 107 Miss. at 65-66, 64 So. at 939.
The testimony shows that the two automobiles came to rest after the accident on the paved part of the highway. Appellant Rick Cash’s automobile was facing west on the shoulder of the north lane of pavement. The automobile driven by appellee Charles Anthony Roell was facing northeast. About one-fourth (J4) of the Roell automobile was across the center of the new highway. There was considerable debris scattered over both lanes of the highway. The water from the radiators of the two cars was over on the south lane, while much of the debris was under the appellant’s automobile in the north lane. A highway patrolman testified that:
“A. The debris was about — going west, just right of the center line on the westbound lanes.”
The appellee’s testimony as to how the accident occurred is clear and uncontra-dicted, except for the inference that the accident might have occurred at the place where most of the debris was found.
If it may be said that law is customs frozen into hard and fast rules by statutory recognition of these customs, there are nevertheless times when these rules do not apply and situations arise when human experience must be consulted to determine the probable acts of individuals based upon similar situations. It is true that the acts of individuals may be sometimes determined by physical circumstances surrounding an accident. However, when deductions and inferences from circumstances taken together with knowledge of human experience lead only to a weak conclusion that the person sued might have caused or contributed to the cause of an accident, we must hold that such evidence is not sufficient to establish the required preponderance of proof necessary in order for the plaintiff to recover. The verdict of a jury cannot be allowed to stand upon a mere scintilla of evidence nor upon a possibility. In such a situation it is the duty of the trial court to grant a peremptory instruction. Mutual Benefit Health and Accident Assn. v. Johnson, 186 So. 297 (Miss.1939); Yazoo & M. V. R. Co. v. Lamensdorf, 180 Miss. 426, 177 So. 50, 178 So. 80 (1938).
We are of the opinion that the court acted properly in refusing to permit the cross-suit of the appellee to be submitted to the jury.
The judgment of the trial court must, therefore, be affirmed.
Affirmed.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.