SUGG, Justice:
This is an appeal from a final judgment of the Circuit Court of Quitman County, Mississippi, directing a verdict in favor of appellees who were defendants in the court below.
*151 Appellant, James H. Harpole, Jr., Administrator of the Estate of Fannie Lou T. Harpole, deceased, filed suit against L. V. Harrison, Administrator of the Estate of Viola Bain Collins, deceased; Miller Transporters, Inc.; and Charles D. Outlaw for actual and punitive damages in the amount of $200,000 for the death of Mrs. Fannie Lou T. Harpole which occurred on May 1, 1970 in a collision between an automobile in which she was riding and a tractor-semi-trailer owned by appellee, Miller Transporters, Inc. and operated by appel-lee, Charles D. Outlaw.
At the conclusion of the testimony for the plaintiff, the appellees and the defendant, Harrison, Administrator of the Estate of Mrs. Viola Bain Collins, deceased moved the court to exclude the evidence offered by the appellant and to peremptorily instruct the jury to return a verdict for the defendants. The court overruled the motion of Harrison but sustained the motion of appellees. Thereupon, appellant took a nonsuit against the Administrator of the Estate of Mrs. Collins and appealed from the action of the trial court in sustaining the motion for a directed verdict in favor of appellees.
The sole assignment of error is that the court erred in sustaining the motion for a directed verdict made by appellees. Appellant argues that the evidence was sufficient to make an issue to be submitted to the jury on the question of negligence of Outlaw in that he failed to keep a proper lookout and failed to take evasive action to avoid the accident, and, since it was raining hard on the morning of the accident, that Outlaw was guilty of negligence per se under the provisions of Section 8176(b) Mississippi Code 1942 Annotated (1956), which requires all trucks or truck-trailer combinations and passenger buses to reduce speed to 45 miles per hour during inclement weather when visibility is bad.
On the day of the accident, deceased, together with five other ladies, were traveling in the Collins automobile from Marks to Clarksdale, Mississippi, where they were all employed at the Coahoma County Hospital. All six occupants of the Collins vehicle were killed in the accident. The Collins vehicle was proceeding west along Mississippi Highway No. 6 in the proper traffic lane closely following a gravel truck and in turn was followed by an automobile being operated by the witness, Miss Ann Melton. The tractor-trailer unit being operated by Outlaw was proceeding east along the same highway in his proper lane of traffic followed by an automobile operated by the witness, Miss Frances L. Ferrell. The driver of the Collins automobile followed the gravel truck for a considerable distance, pulled to the left, apparently observed the tractor-trailer driven by Outlaw approaching, turned to the right, ran off the highway on the north side, turned to the left causing the car to fishtail. The Collins automobile then spun clockwise and struck the tractor-trailer operated by Outlaw. Five of the ladies were thrown out of the Collins automobile and all, except one, were dead when the driver of the truck examined them immediately after the accident.
After being struck by the Collins automobile, the tractor-trailer jackknifed and separated, with the trailer turning over in the highway and catching fire about 10 to 15 minutes after the collision. The evidence is undisputed that Outlaw was operating his tractor-trailer at 50 miles per hour in his lane of traffic and that the accident occurred in his lane of traffic.
The gravel truck which preceded the Collins automobile did not stop after the collision and the driver was not called as a witness presumably because his identity was not ascertained by any of the parties. The three known eyewitnesses were offered as witnesses by appellant and a summary of their testimony follows.
Miss Ann Melton testified that she was following the Collins automobile and observed it pull to the left, then to the right, with the back wheel of the car going off *152 the pavement on the north side. After traveling six or ten feet with the wheel off the pavement, the Collins automobile came back up on the highway, fishtailed a time or two and went into a spin. It made two complete spins and on the third spin the left fender of the Collins automobile struck the left front fender of the tractor-trailer, bounced off and the back right side of the Collins car hit the saddle tanks of the truck. As soon as the witness saw the tire go off the road, she applied her brakes and came to a full stop about 30 yards from where the trailer overturned on the road. She testified that she was traveling about SO miles per hour when the accident occurred and that there was a car which came up behind her after she stopped. This witness turned' her car, went to a house on the north side of the road, and, failing to find a telephone there, proceeded south across the highway to the Walker home to use a telephone and heard the explosion and observed the subsequent fire of the trailer while she was in the Walker home.
The witness said that about 10 seconds elapsed between the time the wheel of the Collins car went off the road until the accident and later testified on cross-examination that the impact occurred after the Collins car started fishtailing and skidding almost like snapping your fingers. On redirect examination when queried about the 10 second time interval she stated that it could have been more than 10 seconds or it could have been less, but seemingly it was less than when asked how did it seem less, she said, “It seemed like it happened in an instant.” This witness testified that the tractor-trailer was as far on the edge of the road to the right of the driver “as he could be seemingly without being off the highway.” The collision occurred in Outlaw’s lane of traffic.
The testimony of Miss Frances L. Ferrell was by stipulation. Her testimony shows that she traveled behind the tractor-trailer operated by appellee Outlaw for four to six miles before the collision; that lights were burning on the rear of the truck which she did and could see; that the tractor-trailer unit at all times occupied the south lane of the highway and never crossed the center line of the highway; that both she and the tracto r-trailer were traveling at 50 miles per hour; that it remained in its proper lane giving no indication to her that anything was wrong ahead; that the highway was straight and level at the point of collision; that she did not see the Collins car before the impact occurred, but the first thing that attracted her attention about. the collision was loud noise and metal flying in the air; that she jammed on her brakes and brought her car to a stop; and that she was following three to five car lengths behind the tractor-trailer.
Appellee Outlaw was called as an adverse witness and testified that the Collins automobile was following closely behind a gravel truck and spun out from behind the gravel truck and into his lane of traffic about 50 or 60 feet away from him. He then turned to the right and immediately applied his brakes in an effort to avoid the collision. Since his testimony about the manner in which the collision occurred would negate any negligence on his part, it will not be considered by the Court on the motion for directed verdict. The rule was stated in Montague v. Jones, 254 Miss. 104, 180 So.2d 316 (1965), in which this Court stated:
It is a settled rule that when considering a motion for a directed verdict all evidence in favor of the party against whom the motion is made must be considered as true and the evidence in contradiction thereof must not be considered. If the evidence on behalf of the party against whom the motion is made and the • reasonable inferences that may be drawn therefrom would support a verdict, the motion should be overruled. (254 Miss, at 107, 180 So.2d at 317.)
Appellant’s argument that Outlaw was guilty of failing to keep a proper lookout *153 and failing to exercise due care to avoid the accident is based on mathematical computations contained in the brief to the effect that since the Collins vehicle? and the Outlaw tractor-trailer were approaching at 50 miles per hour each, the closure rate was 100 miles per hour or 146.6 feet per second. Appellant argues that this gave Outlaw at least 9 seconds in which to react during which period of time the two vehicles would have traveled 1466 feet, or 733 feet each, from the time the Collins car wheel went off the pavement until the impact. This computation is based on the assumption that the accident occurred exactly 10 seconds after the rear wheel of the Collins automobile left the pavement when the proof is that the Collins car fishtailed once or twice, spun twice and as it started the third spin it crashed into the side of the tractor-trailer.
No person was there with a stop watch timing this unfortunate incident to the split second, and it is highly artificial to make the negligence of Outlaw depend on the nicely mechanical timing of a theoretical opportunity that he could see the Collins automobile spin into his lane of traffic in time to take evasive action and avoid the collision. In Cash v. Roell, 263 So.2d 563 (Miss.1972), we stated:
However, when deductions and inferences from circumstances taken together with knowledge of human experience lead only to a weak conclusion that the person sued might have caused or contributed to the cause of an accident, we must hold that such evidence is not sufficient to establish the required preponderance of proof necessary in order for the plaintiff to recover. The verdict of a jury cannot be allowed to stand upon a mere scintilla of evidence nor upon a possibility. In such a situation it is the duty of the trial court to grant a peremptory instruction. Mutual Benefit Health and Accident Assn. v. Johnson, 186 So. 297 (Miss.1939); Yazoo & M. V. R. Co. v. Lamensdorf, 180 Miss. 426, 177 So. 50, 178 So. 80 (1938).
We are of the opinion that the court acted properly in refusing to permit the cross-suit of the appellee to be submitted to the jury. (263 So.2d at 565.)
At most the proof of appellant would lead only to a weak conclusion that appellees might have seen the Collins automobile in time to take the necessary evasive action to avoid the collision. We hold that such evidence was not sufficient to withstand the motion for a directed verdict.
Plaintiff also contends that appel-lees were guilty of negligence per se under the provisions of Section 8176(b) Mississippi Code 1942 Annotated (1956), because Outlaw did not reduce the speed of the truck-trailer he was operating to 45 miles per hour.
It was raining hard on the morning of the accident and Outlaw testified that visibility was approximately one-quarter of a mile. Other witnesses for the plaintiff testified to the fact that it was raining, but stated that they had no trouble seeing the highway and automobiles in front of them. Plaintiff introduced a series of photographs taken a few minutes after the accident at a time when weather conditions were approximately the same as the time of the accident. Plaintiff’s Exhibits 1, 2 and 3 are photographs of the scene of the accident taken shortly thereafter and a gin disposal pipe that extends over the highway at a point east of the scene of the collision is clearly visible in all three pictures. One witness estimated the distance from the gin disposal pipe to the point of impact to be approximately two-tenths of a mile or 1,056 feet while another witness estimated the distance as approximately one-half mile. The point of impact was between the wrecker and the burning trailer shown in the three photographs, and it is obvious that the photographs were taken at a point farther from the, gin disposal pipe than the point of impact.
*154 It is also noted that vision was somewhat obscured because of the flames and smoke from the burning gasoline, but even with that added factor, visibility was sufficient for the gin disposal pipe to appear clearly in the photographs. Under the proof we find that appellees were not guilty of negligence per se for failing to reduce speed from 50 to 45 miles per hour.
We hold, therefore, that the motion of appellees for a directed verdict was properly sustained.
Affirmed.
RODGERS, P. J., and PATTERSON, SMITH and BROOM, JJ., concur.