288 So.2d 723 (1974)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant,
v.
Fleeta STEWART et al., Plaintiffs-Appellants.
No. 47309.
Supreme Court of Mississippi.
January 21, 1974.
Rehearing Denied February 12, 1974.
Wise Carter Child Steen & Caraway, William M. Dalehite, Jr., Jackson, Pittman & Pittman, Raleigh, for defendant-appellant.
Eugene C. Tullos, Raleigh, for plaintiffs-appellants.
PATTERSON, Justice:
This is an appeal by State Farm Mutual Automobile Insurance Company from an adverse judgment of the Circuit Court of Smith County. There three suits, consolidated for trial, were filed against the appellant under the uninsured motorist provision of a State Farm policy held by Gene Easterling, the owner and operator of the automobile in which the plaintiffs were passengers at the time they were injured. The plaintiffs recovered judgments of $3000, $2000 and $1000 respectively.
The plaintiffs were injured on August 3, 1971, as the result of a collision between the vehicle of Easterling, a pickup truck driven by J.W. Gaskin, and an automobile driven by Patrick W. Felder, a resident of the state of Georgia. The plaintiffs settled their claims against Gaskin for $16,200 and sought recovery from State Farm on the uninsured motorist provision of Easterling's policy. In each of the three declarations it was alleged that the vehicle of Felder was uninsured. State Farm in its answers to the declarations denied that Felder was an uninsured motorist, thereby *724 placing in issue Felder's status as an insured or uninsured motorist.
Upon the completion of the plaintiffs' testimony, State Farm moved for a directed verdict on the basis that the plaintiffs had not met the burden of proof upon them to establish that Felder was an uninsured motorist at the time of the collision. This motion being overruled, State Farm rested its case without the introduction of evidence. The cause was then submitted to the jury which returned a verdict for the plaintiffs.
The issue for determination by this Court is whether the trial court erred in finding that there was sufficient evidence introduced by the plaintiffs to withstand the motion for a directed verdict.
The standard used by courts in considering a motion for a directed verdict has been stated many times. In Montague v. Jones, 254 Miss. 104, 180 So.2d 316 (1965), we held:
It is a settled rule that when considering a motion for a directed verdict all evidence in favor of the party against whom the motion is made must be considered as true and the evidence in contradiction thereof must not be considered. If the evidence on behalf of the party against whom the motion is made and the reasonable inferences that may be drawn therefrom would support a verdict, the motion should be overruled... . (Emphasis added) (254 Miss. at 107, 180 So.2d at 317).
In applying this rule to the evidence introduced by the plaintiffs we find it necessary to state that the term "all evidence" mentioned in the above case and those of similar import refer only to competent evidence introduced and the reasonable inferences to be drawn therefrom. The rule does not contemplate the inclusion of incompetent testimony in weighing the evidence.
In reviewing the testimony of the plaintiffs relating to the uninsured status of Felder, we find it to consist solely of that stated by Easterling, the plaintiffs' attorney, and Joe E. Smith, the claim supervisor for Liberty Mutual Insurance Company.
Easterling testified that he visited Felder in the hospital on August 3, 1971, and that Felder gave him a Liberty Mutual Insurance Company identification card from which he copied the policy number. He testified that Felder told him that was the insurance that he had at the time of the wreck.
The testimony of the plaintiffs' attorney related to his investigation of the accident and was without probative force to establish the uninsured status of Felder.
The testimony of Joe E. Smith was that he checked Felder's coverage with his company, Liberty Mutual, in response to a written request of the plaintiffs' attorney and found that it had been cancelled on February 20, 1971, for nonpayment of premiums.
We are of the opinion that the testimony of Easterling was hearsay and as such was not admissible in evidence. The testimony of the attorney relating to his investigation was probably competent although the conclusion that he reached from it, that Felder was uninsured, was an inadmissible conclusion. The testimony of Smith that he checked Felder's coverage with Liberty Mutual and found it to have been cancelled was of no consequence absent the statement of Easterling that Felder told him that was the insurance he had at the time of the wreck.
The trial court was of the opinion this testimony came within one of the many exceptions to the hearsay rule and was therefore competent, but we think he erred in this regard. In 2 Jones on Evidence, section 8:1 (6th Ed. 1972), we find these classic definitions of hearsay:
Two well known definitions of "hearsay" should be noted. One is that *725 "by `hearsay' is meant that kind of evidence which does not derive its value solely from the credit to be attached to the witness himself, but rests also in part on the veracity and competency of some other person from whom the witness has received his information."
The other asserts that the hearsay rule "is that rule which prohibits the use of a person's assertion, as equivalent to testimony of the fact asserted, unless the asserter is brought to testify in court on the stand, where he may be probed and cross-examined as to the grounds of his assertion and of his qualifications to make it."
We adhere to this rule. Hall v. Clopton, 56 Miss. 555 (1879), and Coahoma County Bank & Trust Co. v. Feinberg, 241 Miss. 381, 128 So.2d 562 (1961).
All justices of the Court are of the opinion there was no competent evidence or any reasonable inference therefrom sufficient to carry the case to the jury and the lower court erred in not sustaining the defendant's motion for a directed verdict at the conclusion of the plaintiffs' testimony.
A majority of the justices is of the opinion that the cause should be reversed and rendered since the plaintiffs failed to meet their burden of proof although ample opportunity was afforded them to do so. See Gunn v. Grice, 204 So.2d 177 (Miss. 1967), wherein we stated:
We are aware of the delicate line of distinction between the court's overruling a motion for a peremptory instruction at the conclusion of the plaintiffs' evidence and sustaining a motion for a new trial on the ground that the verdict was against the weight of the evidence, the former being decided upon the sufficiency or insufficiency of the plaintiffs' testimony within itself and the latter being decided upon the testimony of both the plaintiff and the defendant. In the event a peremptory instruction for the defendant is granted on the plaintiffs' testimony only, the plaintiff is not entitled to a new trial. On the other hand, if a verdict of a jury is found to be against the overwhelming preponderance of the evidence, the plaintiff is entitled to, and the trial judge may grant, two new trials (Mississippi Code 1942 Annotated section 1536 (1956)... . (204 So.2d at 185)
We realize this rule is not inflexible, but is made to accord with the notion that the parties to a suit, including the defendant, are entitled to their just due. We conclude, under the present circumstances, that it would not be just to require State Farm to further defend this suit upon the contingency that the plaintiffs may or may not have additional evidence at a subsequent term of court.
Reversed and rendered.
All Justices concur except SUGG, J., GILLESPIE, C.J., and WALKER, J., who dissent in part.
SUGG, Justice (dissenting):
I agree that this cause should be reversed, but dissent to the extent that judgment is rendered for appellant. I am of the opinion that the case should be remanded for a new trial in order to prevent a miscarriage of justice.
I agree that the testimony of Easterling with reference to his conversation with Felder was hearsay; however, the trial judge ruled that the testimony was admissible. The case was then in the posture that the hearsay evidence of Easterling that Felder had liability insurance with Liberty Mutual was before the court on the question of whether or not Felder was operating an uninsured motor vehicle. This hearsay evidence of Easterling coupled with the testimony of the agent of Liberty Mutual that Felder's liability insurance policy had been cancelled about six months before the accident for non-payment of premiums was sufficient to withstand appellant's motion for a directed verdit *726 and the jury by its verdict found that Felder was operating an uninsured motor vehicle.
In Gowan v. Batson, Miss., 288 So.2d 193 (decided January 14, 1974), the Court considered the question of whether defendants waived objection to the introduction of evidence it claimed was incompetent. The Court held that it was not waived and the thrust of the decision is that a case must be submitted to the jury on the basis of the evidence as permitted by the Court over objection.
In Gowan, we held that incompetent evidence was admitted for plaintiff, but the case was remanded and not rendered. I fear we are establishing different lines of authority in the instant case and Gowan.
If the trial judge had sustained the objection to Easterling's testimony, plaintiffs could have then taken a nonsuit. We should not render judgment here and cut off plaintiffs' right to take a nonsuit because of the erroneous ruling of the trial court on the admissibility of the evidence. A failure to remand deprives plaintiffs of a right to a fair trial because they cannot move for a nonsuit after this Court rules that the evidence was not admissible.
A remand of the case at bar is in accordance with former decisions of this Court. In the case of In re Grimes' Estate, 203 Miss. 416, 34 So.2d 197 (1948), we held that the erroneous admission of evidence required a reversal of a decree and a remand of the cause for a new trial where it appeared that the evidence held great influence with the chancellor in reaching his decision. In Johns-Mansville Products Corp. v. Cather, 208 Miss. 268, 44 So.2d 405 (1950), we remanded for a new trial on the issue of damages where a physician's hearsay testimony on the quantum of damages was erroneously admitted. In Delaughter v. Womack, 250 Miss. 190, 164 So.2d 762 (1962), a civil action for medical malpractice, we remanded where the trial court erroneously admitted testimony as to the reputation of the parties, and we likewise remanded Shivel v. Ferguson, 259 So.2d 123 (Miss. 1972), where the trial court erroneously admitted the opinions of various witnesses as to who had the right of way at an intersection.
I recognize the general rule that a new trial will not be granted because of the admission of incompetent evidence where the new trial must inevitably result in the same verdict. McMullan v. Mayo, 16 Miss. (8 Smedes & M.) 298 (1847). However, a new trial in this cause would not inevitably result in the same verdict because the record contains a letter, not in evidence because it is hearsay, in which Felder states that he had no liability insurance at the time of the accident.
It is stated in 5 Am.Jur.2d Appeal and Error § 961:
However, the appellate court will not, in reversing, dismiss or direct a dismissal if genuine issues are present which might be resolved on a retrial.
It is stated in 5 Am.Jur.2d Appeal and Error § 962:
Even where the record discloses error which would have justified the entry of a final judgment by the appellate court, that court may have discretionary power to remand for further proceedings if necessary in order to prevent a failure of justice... .
The testimony of Felder may be obtained by deposition and the question of whether or not he was an uninsured motorist may be resolved with certainty.
The majority opinion cites Montague v. Jones, 254 Miss. 104, 180 So.2d 316 (1965) as authority for the standard used by courts in considering a motion for a directed verdict. Montague correctly states the standard, but the majority opinion in the instant case then limits "all evidence" only *727 to competent evidence. Ordinarily this limitation should apply, but when a trial court permits the admission of incompetent evidence for a plaintiff over objection, plaintiff should be entitled to rely on the evidence which the court has ruled admissible for the purpose of considering the motion for a directed verdict. Any other rule would deprive plaintiff of a fair trial.
For the foregoing reasons, I dissent from the conclusion of the majority that the case should be rendered and am of the opinion that it should be remanded for a new trial on the sole issue of whether or not Felder was operating an uninsured motor vehicle.
GILLESPIE, C.J., and WALKER, J., join in this dissent.