LEE, Justice:
Judgment for ten thousand dollars ($10,-000.00) was entered in favor of Arven L. McQueen and Marie McQueen against Stonewall Insurance Company by the Circuit Court of Hancock County, and Stonewall appeals.
Appellees’ twenty-three-year-old son Gary Wayne McQueen, obtained a general liability insurance policy with the standard uninsured motorist clause from appellant on March 16, 1974. He was riding in a 1973 Oldsmobile automobile driven by seventeen-year-old Charles R. Shealy on September 12, 1974, when the automobile failed to go around a curve and hit a bridge railing. McQueen was killed instantly.
The sole question involved is whether or not the Shealy automobile was covered by liability insurance, or, stated differently, whether or not Shealy was an uninsured motorist.
Appellant admitted that it issued its policy of liability insurance with the standard uninsured motorist clause covering the McQueen vehicle, but entered a general denial that the Shealy automobile was not covered by liability insurance, which effectively joined that issue. [Mississippi Code *712 Annotated § 11-7-59 (1972)]. The only witnesses who testified about insurance were Charles Renee Shealy, the driver, and Mrs. Melba Jean Shealy, his mother. Title to the automobile was in their father and husband, Charles E. Shealy, who worked on a barge and spent considerable time outside the continental United States. The year prior to September 12, 1974, he was home approximately four and one-half (iVz) months. During an undetermined part of that period, he purchased the automobile and occasionally drove it from their home in Picayune to the place where the barge was docked near Morgan City, Louisiana.
Charles Renee Shealy testified there was no insurance on his father’s automobile, but on cross-examination, he admitted he had little knowledge of liability insurance, and his testimony has little probative value. Mrs. Melba Jean Shealy testified as follows:
“Q. On September 12, 1974, did you all have liability insurance?
BY MR. GEX: To which we object.
BY THE COURT: Overruled.
BY THE WITNESS: We did not have any liability insurance. Can I explain it? Can I tell you why I didn’t, or does it matter.
BY THE COURT: It really doesn’t matter.
BY THE WITNESS: On September 12, 1974 we had no liability insurance on this car that was wrecked.”
On cross-examination, Mrs. Shealy testified as follows:
“Q. And you don’t know whether he [Mr. Shealy] might have purchased insurance while he was down there [Morgan City], do you?
A. Of course, I don’t know first-handedly, because I wasn’t there with him.”
When the appellees rested their case, appellant moved for a directed verdict, which motion was overruled by the court, and it then rested. The jury verdict was for ten thousand dollars ($10,000.00).
The appellant relies upon the case of State Farm Mutual Automobile Ins. Co. v. Stewart, 288 So.2d 723 (Miss.1974), wherein the sole question on appeal was whether or not the vehicle in which appellees were riding was covered by a policy of liability insurance. In that case, the only witnesses testifying about the uninsured status of the vehicle were Easterling, plaintiff’s attorney, and Joe E. Smith, the claims supervisor for Liberty Mutual Insurance Company, all of which testimony was hearsay. This Court held there was no competent evidence establishing that the vehicle was not covered by liability insurance, and the case was reversed and judgment rendered for the appellant.
We distinguish the present case from the Stewart case in the following respects:
(1) Charles E. Shealy, Mrs. Melba Jean Shealy and Charles Renee Shealy were residents of the same household, and, had there been a policy of liability insurance in effect, each of them would have been an insured.
(2) Charles Renee Shealy testified there was no liability insurance on the vehicle, although his knowledge of insurance was limited.
(3) Mrs. Melba Jean Shealy positively testified the vehicle was not covered by liability insurance on the date of the accident. On cross-examination, she admitted, “Of course, I don’t know first-handedly [that he did not obtain insurance in Louisiana] because I wasn’t there with him.” Mr. Shealy worked away from home most of the time, and the inferences are strong that his wife was the head of the household during his absence and that she was knowledgeable about the family business and attended to same. In fact, while testifying she said, “Can I tell you why I didn’t [get liability insurance] or does it matter.” She did not explain because the trial judge told her, “It doesn’t matter.”
The case of Montague v. Jones, 254 Miss. 104, 180 So.2d 316 (1965), cited by appellant, correctly states the rule on requests for a directed verdict and peremptory instruction as follows:
“It is a settled rule that when considering a motion for a directed verdict all evidence in favor of the party against whom the motion is made must be con *713 sidered as true and the evidence in contradiction thereof must not be considered. If the evidence on behalf of the party against whom the motion is made and the reasonable inferences that may be drawn therefrom would support a verdict, the motion should be overruled.” 254 Miss. at 107, 180 So.2d at 317.
We think that the testimony of Charles Renee Shealy and Mrs. Melba Shealy, together with reasonable inferences therefrom, is sufficient to withstand the request for a peremptory instruction and the motion for judgment non obstante veredicto on the uninsured motorist issue. However, we hold that the verdict is against the weight of the evidence on that issue.
While the motion for judgment notwithstanding the verdict did not contain an alternative request for a new trial, ten errors were recited therein, being those usually assigned on motion for a new trial, including the assignment that the verdict was against the overwhelming weight of the evidence. This ground was brought to the attention of the trial court, and we treat the motion as a request for a new trial, and we reverse and remand the case for that purpose.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.