DREW, Justice.
The above cases come to this Court upon petitions for certiorari directed to an order of the Florida Industrial Commission affirming an order of the deputy commissioner. The petitions were consolidated and heard together.
The claimant below, James H. Pratt, suffered an injury to his low back and spine on October 25, 1956 while in the course of and arising out of his employment by Henry A. Mandel. He was provided with medical care by the Phoenix Assurance Co. of New York, compensation carrier for the employer at the time of the accident. Claimant again suffered an accident while working for the same employer on February 17, 1958. American Casualty Co., carrier at the time of the second accident, provided medical benefits therefor.
A detailed review of the facts would serve no useful purpose. Suffice it to say, the deputy commissioner, after hearing and considering the evidence, decided the claimant suffered permanent partial disability of 10% of the body as a whole based entirely upon the accident of February 17, 1958. Our examination of the evidence, not for the purpose of making fact findings, but for the purpose of ascertaining whether the findings which have been made were supported by the evidence, reveals that, while the evidence offered was competent on the question of the sole liability of the second carrier, it was not substantial and was not in accord with logic and reason.[1]
The findings of fact recited in the order reveal that the deputy commissioner did not recognize the possibility of aggravation or the resultant necessity for apportionment between the carriers. Petition *415 for certiorari is granted to petitioner Henry A. Mandel and/or The American Casualty Company of Reading, Pennsylvania, and the order of the full commission is quashed with directions to remand the cause to the deputy commissioner for the entry of an order in accordance with these views. On the further consideration of this matter, the deputy commissioner may, in his discretion, require further evidence on the question of apportioning the award between the carriers. The other petitions here are denied,
THOMAS, C. J., and TERRELL, ROBERTS and O’CONNELL, JJ., concur.

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.