122 So.2d 565 (1960)
Raymond E. MILLER, Petitioner,
v.
BREWER COMPANY OF FLORIDA, INC., Liberty Mutual Insurance Company, and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
June 29, 1960.
Rehearing Denied September 15, 1960.
Alan R. Schwartz and Jack M. Bernard, Miami, for petitioner.
Edwin H. Underwood, Jr., and Robert G. Hewitt of Wakefield & Underwood, Miami, and Paul E. Speh and Burnis T. Coleman, Tallahassee, for respondents.
ROBERTS, Justice.
Petitioner-claimant has applied for review on certiorari of an order of the Florida Industrial Commission denying his claim for additional remedial treatment under the provisions of § 440.13, Fla. Stat., F.S.A.
The facts were that claimant was injured in an industrial accident in 1952, the last payment of workmen's compensation therefor having been made under a lump-sum *566 award, in 1953. Some four years later  in April and November of 1957  the carrier complied with a request of the claimant for further remedial treatment. The instant claim for additional treatment was made on May 2, 1959, which was within two years of the date of the remedial treatment furnished in 1957. The Commission held, however, that the claimant's right to additional remedial treatment had been barred since 1955 (two years after the date of the last compensation payment) under the provisions of Subsection (3) (b) of § 440.13, supra, providing that the right to remedial treatment "shall be barred unless claim therefor is filed * * * within two years after the date of the last remedial treatment furnished by the employer, or after the date of the last payment of compensation"; and that the fact that the carrier voluntarily complied with the claimant's request for remedial treatment in 1957 should not and did not operate to revive the right of the claimant to remedial treatment under the statute.
This court on numerous occasions has held that the construction given a statute by the administrative agency charged with its enforcement and interpretation is entitled to great weight, and that the court generally will not depart from such construction except for the most cogent reasons and unless clearly erroneous. We are not persuaded that the language of the statute compels an interpretation contrary to that given it by the Commission, as here contended for by the petitionerclaimant. Cf. 2 Larson, Workmen's Compensation Law, § 78.43(b), page 271.
Accordingly, certiorari should be and it is hereby
Denied.
THOMAS, C.J., and TERRELL and DREW, JJ., concur.
HOBSON, THORNAL and O'CONNELL, JJ., dissent.