171 So.2d 523 (1965)
John Green HODGES, Petitioner,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Florida Industrial Commission, an Agency of the State of Florida, Respondents.
No. 33513.
Supreme Court of Florida.
January 20, 1965.
Rehearing Denied March 4, 1965.
*524 J.B. Hodges, Lake City, for petitioner.
P.A. Pacyna, Tallahassee, for State Road Department.
Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission which quashed an order of a Deputy Commissioner awarding benefits to an employee.
We must decide whether the order under review comports with the essential requirements of law.
Petitioner John Green Hodges was injured in an industrial accident on March 10, 1939. He was paid various disability benefits and furnished remedial treatment. On August 13, 1957, he filed a claim for further remedial treatment. The Deputy denied this claim and was affirmed by the Full Commission. On May 12, 1959, this order of the Deputy was reversed by the District Court of Appeal. Hodges v. State Road Department, Fla.App., 112 So.2d 593.
Further litigation on remand resulted in an order of August 24, 1960, by a Deputy Commissioner. This order awarded medical benefits for temporary total compensation for an aggravation of the original injury. The aggravation, described a stasis dermatitis, was found to result from exposure to gasoline fumes and extensive standing for long periods of time. The order found that the onset of the aggravation occurred about June 9, 1958. However, this same order expressly found that all claims based on the original injury were barred by the statute of limitations. This order was never appealed. Subsequently, the respondent State Road Department voluntarily paid various benefits. As late as June 11, 1961, it authorized medical treatment. In December, 1961, Hodges suffered a recurrence of the stasis dermatitis. In December, 1961, he filed a claim for additional benefits because of his condition. The Deputy Commissioner entered an order awarding medical expenses incurred "as a result of the said left leg's aggravation in December, 1961". On review this order was reversed by the Full Commission. The matter was remanded to the Deputy with directions to take further proceedings and make appropriate findings regarding the cause of the so-called "aggravation". The order of the Full Commission is not as clear as it might be. However, we construe it as a direction to the Deputy to ascertain and find whether the claimant's latest condition was the result of a new accident, or whether it was an exacerbation of the original injury, claim for which had been held to be barred. It is this order which we now have for review.
The petitioner here claims that the statute of limitations has no bearing upon the matter. He asserts that his current disability simply results from a recurrence of a condition related to the original injury and that he filed the instant claim within two years of the last payment of benefits.
The respondent contends that there can be no claim based on the original injury because such would be barred by the unappealed order of August 24, 1960. Hence, respondent contends that in order to recover, the petitioner must establish the occurrence of some new accident which independently aggravated the pre-existing condition.
*525 The Full Commission in effect seems to have the view that any claim based upon the original injury was barred and that no recovery therefor could now be had. It obviously intended to hold that in order to recover now, Hodges would have to establish the occurrence of a new accident which produced the current disability or, at all events, aggravated the pre-existing condition.
We must agree that the unappealed order of August 24, 1960, has become a part of the law of the case. By that order the Deputy held that any claim based on the original injury was barred. Hence, any recovery for disability subsequently occurring, must be based upon subsequent events tantamount to a new accident which would aggravate the condition pre-existing the order of August 24, 1960. Except as modified by statutory provisions, compensation orders are subject to the rules regarding res judicata, estoppel and law of the case, the same as any other judicial or quasi judicial orders. Wurwarg v. Lighthouse Restaurant, Fla., 131 So.2d 469. Consequently, the unappealed order of August 24, 1960, would preclude any subsequent recovery based on the original injury or an exacerbation thereof, except for aggravation caused by a new accident. After August 24, 1960, the respondent-employer, was in a position analogous to one who employs a man with a then-existing disability. Under such a situation, the employer is liable for any aggravation of the pre-existing condition which results from a new accident or industrial disease. In such a case, the liability would necessarily be apportioned between the pre-existing condition and the subsequent aggravation. Recovery would be allowed only for the latter.
It is asserted that the respondent waived the impact of the limitations bar by making disability payments subsequent to the order of August 24, 1960. Inasmuch as state agencies are expressly made subject to the Workmen's Compensation Act, Section 440.02, Florida Statutes, F.S.A., it logically follows that such agencies would be subject to the same rules that would apply to private employers similarly conditioned. If the facts here were to establish waiver by a private employer, the same rule would apply to the respondent State Road Department. However, it appears from the instant record that these payments were made voluntarily and in no way misled the claimant or caused him to change his position to his injury. In legal effect, the payments were mere gratuities for the benefit of the employee. They could not be construed as a waiver of respondent's repeated contention that the original claim had been barred. The consequence of this view is that the Full Commission did not commit error in quashing the instant order and remanding the matter to the Deputy Commissioner for further proceedings. When the cause returns to the Deputy he will be authorized to receive any and all evidence pointing to a subsequent accident as the cause of the claimant's latest disability. If it is found that a subsequent accident has occurred and has aggravated the claimant's pre-existing condition, the Deputy may apportion liability based on the extent of aggravation. Recovery cannot be awarded for a recurrence of a condition based upon a claim which has been barred. Under the peculiar circumstances presented here, recovery can be allowed only for an aggravation of the condition existing on August 24, 1960, which was brought about by subsequent events constituting an accidental injury within the contemplation of the Workmen's Compensation Act. See Czepiel v. Khrone Roofing Company, Fla., 93 So.2d 84.
Because the order of the Full Commission appeared to us to be somewhat unclear, we have undertaken to prescribe the course to be followed by the Deputy upon remand. As construed by this opinion, we find that the order of the Full Commission comports with the essential requirements of law. Upon remand, however, the Deputy shall be directed to proceed in accordance with the order of the Full Commission as hereinabove *526 construed. The petition for certiorari is, therefore, denied.
It is so ordered.
DREW, C.J., and THOMAS, O'CONNELL and HOBSON (Ret.), JJ., concur.