174 So.2d 21 (1965)
IOWA NATIONAL MUTUAL INSURANCE CO., Petitioner,
v.
Vernal A. WEBB, Michigan Mutual Liability Co., and Florida Industrial Commission, an agency of the State of Florida, Respondents.
No. 33684.
Supreme Court of Florida.
April 14, 1965.
*23 Ford L. Thompson of Starry & Thompson, Tallahassee, for petitioner.
W.T. Davis and Ernest M. Page, Jr., Madison, for Vernal A. Webb.
Keen, O'Kelley & Spitz, H.O. Pemberton and E. Harper Field, Tallahassee, for Michigan Mutual Liability Co.
Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
O'CONNELL, Justice.
This petition for certiorari in a workmen's compensation proceeding involves only the question of which one of two carriers is liable to pay for future medical benefits to be rendered the claimant Webb.
In the order under review the deputy found and held that: at all times pertinent the claimant was employed by The Florida Board of Forestry; that in December 1956 claimant sustained a compensable back injury for which needed medical benefits and temporary total compensation to February 3, 1957 was furnished by the petitioner, Iowa National, which was the carrier for the employer until July 30, 1957; that in August 1958 the claimant "was again injured by accident" in his work with the same employer at which time Michigan Mutual, one of the respondents, was the employer's carrier; that the 1958 injury was a recurrence or aggravation of the 1956 injury; and that Michigan Mutual furnished medical benefits to the claimant through May 1960 but when further treatment was required in May and August 1961 this carrier refused payment on the ground that the condition necessitating treatment was due to the 1956 accident at which time Iowa National was the carrier.
The deputy further found and held that the claim was not barred by the statute of limitations, Section 440.19, F.S. 1955, F.S.A., a defense asserted by Iowa National, because (1) that carrier was estopped to assert the defense and (2) the claim which was filed October 10, 1961 was filed within two years of the date medical benefits were last furnished by the employer, albeit by Michigan Mutual. The medical benefits furnished by Michigan Mutual following the 1958 injury were left undisturbed, the claimant was denied any award for permanent disability and Iowa National was ordered to pay claimant's attorneys a fee of $750.00 and to furnish to the claimant all future medical benefits.
On review the Full Commission interpreted the order of the deputy to hold that the deputy found the 1958 injury to have been only a recurrence of the condition caused by the 1956 injury to claimant's back, and not an aggravation of it or a new accident.
Before us the petitioner, Iowa Mutual, argues two questions. First, it contends that as to it the claim of the employee is barred by Section 440.19, F.S. 1955, F.S.A., because the last compensation was paid more than four years prior to the filing of the claim. Second, it argues that the order of the deputy is not supported by competent substantial evidence. Under this question it is submitted that the record does not support the finding that the medical benefits required after May 1960 are due solely to the 1956 accident. Petitioner contends that Michigan Mutual ought to pay these benefits and claim refund for a portion thereof from the special disability fund.
We agree that any responsibility of Iowa National for payment of medical benefits resulting from the 1956 injury is not barred by the statute of limitations. Section 440.13(3) (b), F.S. 1955, F.S.A. provides that claims for medical benefits are barred unless a claim is filed therefor or the commission acts on its own initiative within two years after the last remedial treatment is furnished by the employer, or the last payment of compensation. Section 440.19(1) (a), F.S. 1955, F.S.A. provides that a claim for compensation is barred if not filed within three years after the injury *24 or three years of the last payment of compensation without an award being made.
No claim was filed within three years of the last payment of compensation on February 3, 1957 so any claim for compensation because of the 1956 injury might well be barred. But we are not required to answer this question since no award of compensation was made.
However, the employer did furnish medical benefits to the claimant within two years of the filing of the claim. The deputy attributed the condition necessitating the medical attention given in and after August 1958 through May 1960 to a recurrence of the 1956 injury. Thus, it must be said that the furnishing of these benefits tolled the running of the statute as to claimant's right to medical benefits required by that injury. It matters not that the benefits were paid by Michigan Mutual and not Iowa National. Insurance carriers only act for the employer who is responsible to furnish the benefits. Therefor, under the statute it matters not which carrier furnished the benefits. They are considered to have been furnished by the employer.
We do not agree, however, that Iowa National was estopped to assert the statute of limitations by its actions when first notified of the 1958 injury. When this incident occurred the physician who treated claimant sent a first and final notice of injury, with his statement of services, to Iowa National. Iowa National in turn sent the forms to the employer with the suggestion that the employer should report the matter to its then compensation carrier. Apparently this was done for Michigan Mutual voluntarily paid for such treatment. We find present in these circumstances none of the essentials necessary to constitute an estoppel under the issues here presented. We have discussed this point only because a failure to mention it might be construed by the Commission or the deputy as approval of the Commission's views expressed in the prior order in this cause.
We observe again that we are concerned only with which carrier should pay future medical benefits and attorney's fees for this cause. It is not clear whether the term "future" medical treatment as used by the deputy in his order includes the treatment required by the claimant after May 1960. Since failure of Michigan Mutual to pay those bills brought on this litigation we assume it does.
In passing we note that since there was no claim pending during the time Michigan Mutual voluntarily paid for medical treatment rendered claimant through May 1960, this carrier has no right to claim reimbursement therefor. See Section 440.42(3) and City of Lakeland v. Catinella, Fla. 1961, 129 So.2d 133. The deputy properly left undisturbed these payments.
As to the future medical expenses we must agree with the petitioner that the record before us fails to show that the treatment which the claimant required subsequent to May 1960 and will require is, or will be, due wholly to the 1956 accident, or in part to that one and in part to the 1958 injury or subsequent aggravations which have occurred or may occur in the future.
It is unfortunate that none of the physicians who treated claimant testified in the cause. There are numerous medical reports in the record. They reveal that in the 1956 accident claimant suffered a herniated nucleus pulposus and that in the 1958 episode he suffered either a recurrence or aggravation of the same condition. In his order the deputy states that the 1958 injury was a recurrence or aggravation of the 1956 injury basing this finding on one of the medical reports. The Full Commission interpreted the deputy's order to mean that the 1958 condition was due to a recurrence of the 1956 injury.
*25 The record does not support such a finding or interpretation.
The 1958 episode, injury or accident  whatever it might be termed  occurred when the claimant bent over to pick up a bucket. It caused severe pain for which he sought treatment by a chiropractor. The pain subsided in three weeks but other treatment followed in 1959 and 1960.
In a medical report dated September 29, 1961 a physician stated that the claimant had suffered several recurrences or aggravations of the original disc injury. In a 1959 report this physician rated claimant as having a 10% permanent disability (functional) based upon the fact that the original injury would make subsequent injury more likely. In a 1962 report this physician gave claimant a 15% disability rating "due to residuals of the injury" but did not specify whether he referred to the 1956 or the 1958 injuries or both. One 1961 medical report indicates an involvement of only one disc while a subsequent report indicates involvement of other discs.
While there is no question that the injury sustained in 1956 is related to the difficulties which claimant suffered in 1958 and thereafter there is a valid question as to what part the 1958 episode played in aggravating the earlier injury. As interpreted by the Full Commission the deputy must be said to have found that the 1958 episode did not aggravate or enhance the pre-existing condition, but we do not find the record to support such an interpretation. The evidence simply fails to deal directly with the question.
If the claimant had been working for a different employer in 1958 than in 1956 it would be necessary, in order to treat the two employers properly, to determine whether the 1958 episode was (1) a new injury, (2) an aggravation of the 1956 injury, and if so, the extent of the aggravation, or (3) merely a recurrence or natural progression of the 1956 injury. Without such determinations, based on proper evidence, the question of apportionment cannot be settled.
Where different carriers are involved as in this case the necessity for determining these questions still remains even though the employer is the same in both incidents.
Nor does the fact that we are concerned only with apportionment of medical benefits and attorney's fees detract from the necessity for determining whether apportionment should be allowed. Shores Development, Inc. v. Carver, Fla. 1964, 164 So.2d 803; City of Lakeland v. Catinella, supra; and Mandel v. Pratt, Fla. 1960, 117 So.2d 413.
Pending further proceedings in this cause the claimant should not be denied medical benefits required by either the 1956 or 1958 episodes. Under Section 440.42(3), F.S.A. either carrier can furnish such benefits and be reimbursed for any sums later found not to be its responsibility.
Accordingly the writ is issued and the order of the Full Commission is quashed, with directions to vacate the order of the deputy and remand this cause to him with directions to conduct such further proceedings as are necessary to determine the relative responsibilities of the two carriers for the future medical expenses of the claimant which are due to the 1956 and 1958 injuries.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS and THORNAL, JJ., concur.