DREW, Justice.
The original award of lump sum compensation in this case was paid by order of the deputy entered in 1958 upon stipulation by claimant to all material facts, including determination of 15% permanent partial disability. Several later claims for modification were ultimately dismissed for lack of prosecution.[1]
In disposing of the present claim filed June 13, 1962, the deputy found (1) that the 1958 order was a nullity because under the act at that time only the Commission had authority to make a lump sum award of compensation; (2) that the final payment of compensation was made October 2, 1959, and the last medical payment without award was made in August I960; and that the present claim was an original timely claim filed during the pendency of appellate proceedings instituted by the employer.
We agree with the conclusion of the Commission that the 1958 order was invalid only insofar as it purported to determine the manner of payment by lump sum.[2] The 1962 claim for additional compensation was therefore one seeking modification of the previous order determining disability compensation. On the facts recited above, modification was clearly foreclosed by the limitations provisions of F.S.Sec. 440.28, F.S.A. and the claim for further compensation should have been dismissed. The claim for medical attention, however, was properly granted by the deputy and affirmed by the Commission on the record and the statute governing remedial treatment without an award.[3]
The petition for certiorari is accordingly granted, the order directing further hearings is quashed, and the cause remanded with directions for entry of an order dismissing the claim for further compensation in accordance with this opinion, and for reconsideration of the award of fees to claimant’s counsel. Cross petition is denied.
The two petitions for attorneys’ fees of James G. Hammond are denied.
CALDWELL, C. J., and THORNAL, ERVIN and ADAMS, JJ., concur.

. See B. F. Todd Elec. Contr. v. Hammond, Fla.1964, 164 So.2d 513, which opinion recounts facts and proceedings prior to the current claim.

. Previous cases holding such determinations by a deputy to be a nullity have not involved the issue now presented as to the validity of the deputy’s award vel non: Sullivan v. Mayo, Fla.App.1958, 106 So.2d 4; Russell v. Bass, Fla.1958, 107 So.2d 281.

.F.S. See. 440.13(3) (b), F.S.A.