288 So.2d 193 (1973)
Norman D. WATSON, Petitioner,
v.
DELTA AIRLINES, INC., et al., Respondents.
No. 42637.
Supreme Court of Florida.
November 14, 1973.
Rehearing Denied February 5, 1974.
Philip M. Gerson of Gerson & Fuller, Miami, for petitioner.
Daniel Draper, Jr., of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for respondents.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the Industrial Relations Commission which sustained a decision of the Judge of Industrial Claims denying compensation. We must reverse the decision in this grant of certiorari.
In 1963 the claimant first sustained an injury to his left knee while playing football. As a result of this injury, corrective surgery was performed on the claimant's knee.
The claimant did not have any major problems with his knee until August 1967, when he reinjured the knee. The claimant, employed by the respondent at that time, was provided medical services voluntarily and no claim was filed. On February 1, 1968, the claimant again suffered injury to his knee when his leg was pinned between two trucks. While this was a compensable injury, again no claim was filed. Medical services were not provided at that time, but on December 18, 1969, the claimant suffered another injury to his knee, diagnosed as a pulled hamstring muscle behind the same knee while exiting from his car. This immediate injury was nonwork related and is thus non-compensable but medical treatment for the knee was later provided by Dr. Howard Kurzner, at the authorization of the respondent, beginning in January 1970, and ending in April 1970. The respondent also voluntarily paid the claimant temporary total disability benefits from February 25, 1970, to April 20, 1970, and permanent partial disability benefits based upon a 5% permanent partial disability of the left leg beginning April 20, 1970. All such payments were voluntary and not pursuant to any award.
*194 The claimant now for the first time files a claim by instituting the present cause on May 25, 1970. The Judge of Industrial Claims denied relief stating as follows:
"[I]t is obvious that more than two years elapsed after the injury of February 1, 1968, before the claim was filed. It is also obvious that on or about December 15, 1969, the Claimant suffered a new injury to his left leg which injury did not arise out of and in the course of his employment with Delta Airlines. It is also obvious that the treatment rendered by Dr. Kurzner following the injury of December 15, 1969, was related only to the injury, i.e., a strain of the hamstring muscles behind the left knee. Based on the case of Miller v. Brewer Company of Florida, 122 So.2d 565, Fla. 1960, find that the payment of temporary disability benefits, permanent partial disability benefits and the supplying of medical treatment for the non-compensable injury of December, 1969, did not reactivate the Statute of Limitations. It is my specific finding that the Statute of Limitations had run and the claim must be and is hereby denied and dismissed with prejudice."
On review by the Industrial Relations Commission, the order of the Judge of Industrial Claims was affirmed.
Fla. Stat. § 440.19(1)(a) F.S.A., provides:
"(1)(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two (2) years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within two (2) years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer." (emphasis added)
Fla. Stat. § 440.13(3)(b) F.S.A. is now to the same effect and provides the same exceptions in order to recover for "remedial" attention as distinguished from the right to "compensation."[1] This has been so since its amendment in 1963 to conform to the already existing same exceptions in § 440.19(1)(a) to recover voluntary "compensation" payments. And so the two now have the same "predicate" or exceptions for recovery either of compensation or medical (remedial) payments.
It was § 440.13(3)(b) regarding the remedial remedy that was involved in Miller which was relied upon by the JIC who failed to note that Miller was under the former statute which did not include then (as § 440.19(1)(a) did for "compensation") the present exceptions now also in § 440.13(3)(b). Thus Miller no longer applies and is distinguished from our case. The JIC's reliance thereon was misplaced, as was that of the IRC in its affirmance of such erroneous application of Miller.
It may well be that the 1963 amendment was the result of the denial of relief in 1960 Miller, in order to provide medical recovery as well as compensation in those instances of voluntary payment of compensation or voluntary provision of remedial treatment by the employer which begin a two-year statute of limitations. The employer's voluntary compliance in Miller (prior to the 1963 amendment) "did not operate to revive the right of the claimant to remedial treatment under the [old] statute." This was of course true where the old statute did not have the exception which it now does to provide for the two-year "extended" statute of limitations from such voluntary remedial treatment or payment of compensation.
Both statutes now provide the same express exceptions for recovery more than *195 two years after the injury where there has been either compensation or remedial treatment "without an award," in which case the two-year statute of limitations runs from the last voluntary compensation payment or last remedial treatment so furnished by the employer without an award.
Justice Drew with characteristic clarity in Jones v. Ludman Corp., 190 So.2d 760, 761 (Fla. 1966), points up "the clear distinction made in this instance [§ 440.19(1)(a)] and throughout the act between medical benefits and disability compensation" and then highlights the exception in explicating that § 440.19(1)(a) "is limited, however,[2] ... to the situation where payments are made without an award [as the statute reads], in which case further claims may be made within two years after payment of compensation or remedial treatment." Justice Drew again applied the statutory exception in measuring the two-year time limit from the last remedial treatment "without an award" in B.F. Todd Electrical Contractors v. Hammond, 212 So.2d 301 (Fla. 1968).
Our claimant filed his claim for compensation on May 25, 1970, promptly after the last payment of compensation to him without an award which was made on April 20, 1970, and thus was clearly within the two-year statutory exception of Fla. Stat. § 440.19(1)(a) for his compensation claim.
The claim was also filed within two years from the dual predicate for the exceptions, namely, that the two years may run from the last remedial treatment (as well as last compensation payment). The record shows remedial medical treatment voluntarily funished by the respondent (employer) to the claimant which was begun January, 1970. This is within the two-year period from the earlier admittedly compensable accident of February 1, 1968. Although no treatment had immediately ensued for that compensable injury, the "timely" January 1970 treatment was related to the same injured knee, despite an intervening non-compensable additional injury to that knee. The Judge of Industrial Claims held, nevertheless, that the subsequent remedial medical treatment related only to the most recent non-compensable injury sustained by the claimant on December 18, 1969, and that therefore the treatment was not furnished on account of a compensable injury.
The Judge's finding that the injury was related solely to the injury of December 18, 1969, is not supported by the record. In fact, the uncontradicted medical testimony is to the contrary. Both doctors testified that the claimant's current condition is the result of all prior injuries to his left knee, including the non-compensable hamstring. Dr. Kurzner, when asked whether he could attribute any of the disability to claimant to the hamstring sprain, stated:
"This young fellow has had a disability of the knee for quite a period of time. He has had minor injuries on several different occasions. It is kind of hard to evaluate which is giving him which. I am being perfectly honest with you, sir."
It was also the conclusion of Dr. Lusskin that the injury of the claimant constituted one physical impairment. It is significant that the respondent, in paying compensation benefits after the non-compensable injury of December 18, 1969, had occurred, assumed that the payments were really due to the industrial accident of February 1, 1968, and not the immediate hamstring sprain. In the respondent's letter to the claimant on May 20, 1970, the respondent states:
"Our file indicates you were off from work following your industrial injury of February 1, 1968, and you were salaried through February 23, 1970. You reached maximum medical improvement on April 20, 1970." (emphasis added)
The ruling of the Judge of Industrial Claims that the medical treatment voluntarily *196 furnished to the claimant was related solely to the hamstring sprain, and therefore was outside the two-year statute of limitations, is not supported by competent substantial evidence.
Thus, on the dual basis of 1) "remedial" attention having been voluntarily furnished within the two years required by the same exceptions within the two statutes, and 2) compensation voluntarily paid "without an award" also within such two years, the claimant falls within the statutory exceptions in § 440.13(3)(b) and § 440.19(1)(a) and is within such "extended" two year statute of limitations as a basis for recovery.
The order of the Industrial Relations Commission is quashed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
ERVIN, BOYD and McCAIN, JJ., and DREW (Retired), J., concur.
ROBERTS, Acting C.J., and ADKINS, J., dissent.
NOTES
[1] This distinction is pointed out by Mr. Justice O'Connell in Iowa National Mutual Ins. Co. v. Webb, 174 So.2d 21, 23 (Fla. 1965).
[2] Citing Food Fair Stores, Inc. v. Tokayer, 167 So.2d 563 (Fla. 1964).