MILLS, Chief Judge.
McGuire, claimant in a workers’ compensation action, appeals the deputy commissioner’s order which ruled his claim for additional medical treatment was barred by the statute of limitations. We reverse.
The original order of compensation was entered in January, 1977, and awarded permanent partial disability benefits. The claimant appealed to the Industrial Relations Commission, which affirmed the award in February, 1978. The carrier wrote McGuire a check on January 19,1977, in the amount of $5,120.00, representing full payment of compensation for permanent partial disability. However, the check was never cashed. Instead, McGuire filed an application for hearing in August, 1978, for “past-due benefits,” among other things. On October 18, 1978, the carrier wrote another $5,120.00 check to McGuire.
If McGuire’s claim was filed within two years of the date of the last payment of compensation, it was not barred by the statute of limitations. Section 440.19(2), Florida Statutes. The check dated October 18, 1978, was a payment of compensation. Therefore, the deputy erred in finding the statute had run on this claim which was filed January 4, 1980.
Citing Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla.1973), the carrier argues that the October 18 check was merely a “replacement” payment for the check previously issued and therefore does not affect the limitations period. However, Brown involved a claimant who was attempting to revive an already-expired limitations period, contrary to the well-settled principle that benefits voluntarily provided will not re-activate the limitations clock. See Miller v. Brewer Co. of Florida, Inc., 122 So.2d 565 (Fla.1960). The Brown court was also troubled that the claimant had waited more than three years from the issuance of the first check before filing a claim for the *1117 monies due. McGuire’s application for hearing on past-due benefits was filed within six months of the IRC’s affirmance and clearly within the two-year period.
Accordingly, the deputy’s order is reversed and we remand this case for further proceedings consistent with this opinion.
WENTWORTH, J., and BEVERLY, VIRGINIA Q., Associate Judge, concur.