397 So.2d 761 (1981)
John Frank JOHNSON, Appellant,
v.
DIVISION OF FORESTRY, and Travelers Insurance Company, and Kemper Insurance Company, Appellees.
No. WW-29.
District Court of Appeal of Florida, First District.
April 30, 1981.
Rehearing Denied May 21, 1981.
*762 Charles R. Rowe, of Rowe & Singbush, P.A., Ocala, for appellant.
Daniel L. Hightower, Ocala, Robert C. Cooper and Steven Rissman, Orlando, for appellees.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
The issue in this workers' compensation case is the applicable statute of limitations for filing a claim for compensation and remedial medical attendance where, following a compensable accident, the employer, without an award, has paid compensation and furnished remedial treatment.
The statutes with which we are concerned are Section 440.13(3)(b), Florida Statutes (1975), relating to claims for remedial attention, and Section 440.19(1)(a), Florida Statutes (1975),[1] relating to claims for compensation, each of which provides that rights are barred unless a claim is filed within two years after time of injury, but each of which contains the following exception:
"... except that if payment of compensation has been made or remedial attention has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer." (e.s.)
Claimant suffered two unrelated, compensable accidents while working for the same employer. The first, an injury to the neck in April, 1972, occurred while the employer was covered by the Travelers Insurance Company. The second, an injury to the wrist in June, 1974, occurred while the employer was covered by Kemper Insurance Company. Travelers paid permanent partial disability benefits and paid for medical benefits from the date of the initial accident through September 20, 1974. After the latter date, claimant continued at periodic intervals to visit his treating physician, but the medical bills and reports, indicating treatment only with respect to the 1974 wrist injury, were furnished only to Kemper. However, on November 1, 1977, claimant, complaining to the treating physician of neck pain, received remedial treatment to the extent of being furnished with a soft neck collar. The doctor's bill for that treatment was submitted to and paid by Kemper. Claimant's subsequent visits to his physician, all of which concerned his wrist injury, were likewise billed to and paid by Kemper, with the last such payment being made on or about April, 1978.
On October 15, 1979, claimant filed claim for compensation as to both injuries. The compensation order denied all benefits, the deputy commissioner finding that all benefits due in respect to the wrist injury in 1974 had been paid, and that the claim in respect to the neck injury in 1972 was barred by the statute of limitations. We are concerned here only with that part of the compensation order pertaining to the 1972 neck injury.
*763 Although the remedial treatment furnished to claimant on November 1, 1977, for the 1972 neck injury was actually billed to and paid by Kemper (which had the coverage only for the 1974 wrist injury), the furnishing of such remedial treatment was on behalf of the employer, Iowa National Mutual Insurance Co. v. Webb, 174 So.2d 21 (Fla. 1965), to whom the injured employee has the right to look for compensation without regard to the identity of the insurance carrier. Since the claim was filed within two years after the date of this last remedial treatment furnished by the employer, under the literal reading of the plain language of the above-quoted exception to the statute, the claim would be timely filed.
In Miller v. Brewer Company of Florida, Inc., 122 So.2d 565 (Fla. 1960), the Supreme Court held that a claim for further remedial treatment was barred by Section 440.13(3)(b), Florida Statutes (1957), after the expiration of two years following payment of the last compensation pursuant to an award, notwithstanding that subsequent thereto the carrier voluntarily furnished further remedial treatment and the claim was then filed within two years after the further remedial treatment had been voluntarily furnished. However, in the later case of Watson v. Delta Airlines, Inc., 288 So.2d 193 (Fla. 1973), the court distinguished the Miller case, pointing out that subsequent to the Miller decision, Section 440.13(3)(b) had been amended to include the same exceptions as then existed in Section 440.19(1)(a), Florida Statutes. The Watson court then went on to say, at page 194:
"The employer's voluntary compliance in Miller (prior to the 1963 amendment) `did not operate to revive the right of the claimant to remedial treatment under the [old] statute.' This was of course true where the old statute did not have the exception which it now does to provide for the two-year `extended' statute of limitations from such voluntary remedial treatment or payment of compensation."
The Miller case, which of course involved compensation paid pursuant to an award, has been rather broadly cited from time to time as authority for the general proposition that once a claim is barred by the expiration of two years following the last remedial treatment furnished (or compensation paid) by the employer, the claimant's right to file a claim is not thereafter revived by the carrier's or employer's voluntary furnishing of further remedial treatment, e.g., Mangurians v. Johnson, IRC Order 2-3464 (June 28, 1978), cert. denied, 268 So.2d 1370 (Fla. 1979); Hunt v. Southland Plumbing, IRC Order 2-3352 (February 14, 1978); McGuire v. Spinoza, Inc., 394 So.2d 1116 (Fla. 1st DCA 1981). We believe that in view of the Supreme Court's decision in Watson v. Delta Airlines, Inc., supra, the Miller case, supra, is no longer authoritative for that proposition in workers' compensation cases where remedial treatment or compensation has been furnished by the employer "without an award", and that the clear language of the statute controls.
Travelers argues that this Court's decision in Ken Lones Landscaping, Inc. v. J.B. Tucker, 382 So.2d 1368 (Fla. 1st DCA 1980), holds, at least by implication, that the test regarding the running of the statute of limitations is whether any continuous two-year time period existed during which no remedial treatment was provided, pointing out that the record in this case does disclose a gap of more than two years during which claimant did not receive remedial treatment for the neck injury. The Ken Lones Landscaping case, supra, did not so hold, and we hereby seek to remove any misconception to the contrary. The Court merely noted "... [N]o two-year period passed from the time of the accident until the time of the claim during which Tucker did not receive remedial medical treatment", thereby pointing out that under the facts of the case it was unnecessary to decide the effect, if any, of a two-year gap between the filing of the claim and the last remedial treatment furnished or compensation paid. The statutory language is clear that it is the last furnishing of such remedial treatment or payment of compensation from which the two-year limitation is measured.
*764 No error is alleged or shown as to the compensation order denying benefits for the wrist injury of June, 1974, and that portion of the compensation order is affirmed. In all other respects, the order is reversed and this cause remanded for further proceedings consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LARRY G. SMITH and McCORD, JJ., concur.
NOTES
[1] These statutes, with minor revision, are now numbered 440.19(2)(a) and (b), F.S. (1979), respectively.