McCORD, Judge.
Both appellants, employer/carrier, and appellee/claimant,' appeal from a workers’ compensation order which awarded certain benefits to appellee. The appeals have been consolidated for consideration by this Court. We affirm in part and reverse in part.
This cause involved two different work-related accidents, in which appellee injured his lower back. At the time of the first accident, on April 19, 1976, appellee was employed by Bruce Little Plumbing Company. Appellee reached maximum medical improvement from that accident in May, 1977, sustaining a 10% permanent partial impairment according to one of his treating physicians, Dr. Hartsfield. After the first accident, appellee worked intermittently for other employers until he was hired by appellant, C. A. Carroll Construction (Carroll), in October 1976. In March 1977 he was laid off because of a slow-up in the construction industry. He worked for others until he returned to work for Carroll in November 1977. He worked continuously for Carroll until his second back injury occurred on May 13, 1978. He testified that before the second accident he was able to perform his work, although he did suffer some back and leg pain at times. He testified that he was never refused work between the first and second accidents because of his back problem.
Because of the second injury, he missed the next two weeks of work and was fired by Carroll. He did not work again until June 1978 when he worked for a brief period but was unable to hold a job because of his back problem. After the second injury, he was unable to obtain or keep the types of jobs which he had been able to perform prior to the second accident. However, at the time of the hearing, aplpellee was working at a job in which he was making more money than he had made prior to the second accident, but he testified that he did not expect that job to last more than several weeks. Dr. Hartsfield saw appellee after *753 the second injury and concluded that his findings were “essentially the same as on 5-23-77. There is a 10% permanent partial impairment, which remains.”
The deputy commissioner found that ap-pellee had suffered two distinct injuries as a result of the two accidents. He found that appellee’s intermittent work schedule after the first accident was due to erratic construction jobs rather than to back problems. He noted appellee’s testimony that the pain was much the same after both accidents. However, he also considered that other evidence, including appellee’s steady work at Carroll Construction Company from October 1976 until March 1977, indicates that after the first accident, ap-pellee was on the road to recovery and was working regularly considering his 10% impairment. He recognized that after the second injury, appellee had more difficulty finding work, and for the first seven months of 1979, his income decreased dramatically. He found that due to his injury, appellee is limited in the types of jobs he can hold in the future and that he will have difficulty obtaining work where a pre-em-ployment physical examination is required. As a result of those considerations, the deputy commissioner found that appellee had sustained a 20% permanent partial disability of the body as a whole due to a loss of wage-earning capacity.
The deputy commissioner went on to state in his order that:
The second injury, while not causing any increased impairment, did cause more disability. In this sense, the two injuries merged to cause a greater disability than the second injury standing alone.
The deputy commissioner assessed Carroll for the increased disability.
Appellants argue that the deputy commissioner erred in finding merger and an increase in permanent partial disability when he specifically found that the second accident did not produce any increased permanent partial impairment. We agree. For merger to occur, the claimant must have suffered a permanent impairment attributable to each of the two separate and distinct accidents. See § 440.15(5)(b). Also, before assessing a disability rating based on loss of wage-earning capacity, a deputy commissioner must have made a finding of physical impairment. Agrico Chemical Co. v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980); Owens v. John F. Kennedy Memorial Hospital, 7 FCR 217 (1972). Therefore, we reverse the deputy commissioner’s finding of an increased disability without an increased impairment and remand the case for reconsideration and a redetermination as to whether or not appellee suffered an increased impairment due to the second accident which contributed to an increased loss of wage-earning capacity.
We have considered the points raised by appellee and find them to be without merit.
Affirmed in part, reversed in part, and remanded for reconsideration consistent with this opinion.
MILLS, C.J., and THOMPSON, J., concur.