PER CURIAM.
Appellants challenge a workers’ compensation order requiring appellants to reimburse Florida Rock Industries, through their adjusting service, Underwriters Adjusting Company, for a portion of the permanent disability payments, costs and attorney’s fees due claimant. On review, we find the order is inadequate to afford this court a basis for intelligent review. We reverse and remand for entry of a more definitive order covering the points that must be established to support an award of permanent partial disability resulting from claimant’s June 5, 1978 accident. Cohen-Ager, Inc., and Midland Insurance Co. v. Pierce, IRC Order 2-3173 (1977).
Claimant suffered an acute myofascial strain to the lower back while employed *933 with A — 1 Block Company on June 5, 1978. He was conservatively treated by Dr. Cox until January 2, 1979. Dr. Cox felt claimant had reached maximum medical improvement, from that injury on July 7, 1978, and although claimant required palliative treatment after that date, Dr. Cox was of the opinion claimant suffered no permanent residual impairment.
On March 6, 1979, while employed with Florida Rock Industries, claimant again injured his low back. Dr. Cox conservatively treated claimant until July 1979. Claimant then came under the care of Dr. Stanford. Dr. Stanford felt claimant reached maximum medical improvement on November 5, 1979, with a five percent (5%) permanent partial impairment.
Claims for compensation were filed for both accidents. Florida Rock Industries filed a notice of controversy between carriers requesting reimbursement from A-l Block for any or all benefits provided claimant by Florida Rock Industries. At the final hearing on January 7, 1980, claimant withdrew his claim against A — 1 Block with regard to the June 5, 1978 accident. Florida Rock Industries advised the deputy commissioner that it was not withdrawing its notice of controversy. The deputy reserved ruling on the notice of controversy and proceeded with the hearing on the remaining claim. Subsequent to that hearing, an order issued finding claimant had sustained a twenty-eight percent (28%) loss of wage earning capacity. The appropriate compensation was awarded along with costs and attorney’s fees. The deputy specifically reserved jurisdiction to determine what portion of that award would be paid by A — 1 Block pursuant to the notice of controversy between carriers.
A hearing on the notice of controversy was held April 10, 1980. The parties stipulated that the depositions given by claimant and the depositions of Dr. Stanford and Dr. Cox, with their attached medical reports, would be entered into evidence. A-l Block objected to the introduction of Dr. Cox’s medical reports as they were not attached to his deposition. The deputy accepted the doctor’s reports to assist him in evaluating the overall issues over that objection. No live testimony was taken at the hearing.
On April 17, 1980, the deputy entered the appealed order, finding A-l Block and its carrier responsible for one-fourth of claimant’s disability, the same being attributable to the June 5, 1978 accident. The deputy also ordered A-l Block and its carrier to pay one-fourth of the attorney’s fees and costs which had been assessed against Florida Rock Industries. There is no indication in the order whether the deputy considered this seven percent (7%) disability of the body as a whole (one-fourth of the twenty-eight percent (28%) disability previously found) to be an anatomical disability rating or a loss of wage earning capacity. There are no findings of fact included in the order to support either conclusion. There is no medical testimony in the record of a permanent anatomical disability resulting from the first accident. While the deputy could, under the law in effect at the time, find physical impairment in the absence of medical testimony to that effect, there must be other competent, substantial evidence to support such a finding. C. A. Carroll Construction Company and Fidelity & Casualty Co. of New York v. Long, 397 So.2d 751 (Fla. 1st DCA 1981). Here, claimant had returned to work after the first injury and therefore had reestablished some wage earning capacity. There are no findings of fact in the order supporting a conclusion that claimant’s wage earning capacity had been diminished. Without a recital of whether the disability results from physical impairment or is due to a loss of wage earning capacity, and the findings of ultimate fact supporting the conclusion, there is nothing for the appellate court to review. Florida Manor and Gallagher Bassett Insurance Service v. Gunther, IRC Order 2-2883 (1975).
We also note the deputy commissioner did not determine whether the March 6, 1979 accident was a new injury, an aggravation of the 1978 injury, and if so the extent of the aggravation, or merely a recurrence or natural progression of the 1978 *934 injury. Without such determinations, the question of apportionment cannot be settled. Iowa National Mutual Insurance Co. v. Webb, 174 So.2d 21 (Fla.1965). When a claimant has suffered two compensable accidents, the carrier on the first accident is responsible only for the permanent physical impairment independently caused by the first injury. Marden Manufacturing Co. and Fireman's Fund Insurance Co. v. Florida Farm Bureau Casualty Insurance Co. and Brown, IRC Order 2-3894 (1979).
With regard to appellants’ assertion that it was error for the deputy commissioner to admit into evidence the medical reports of Dr. Cox, we find the evidence contained therein is cumulative in nature and merely elaborates on the opinions Dr. Cox gave in his deposition. Assuming it was error to admit the records, reversal is not required.
Accordingly, the cause is reversed and remanded to the deputy commissioner for entry of an order more clearly defining the basis of the finding that Florida Rock Industries is entitled to reimbursement from A — 1 Block for one — fourth of the disability payments, costs and attorney’s fees due claimant.
REVERSED AND REMANDED.
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE, A., Associate Judge (Retired), concur.