BARFIELD, Judge,
concurring:
Daniel appeals the denial of his claim for compensation, which denial was based on the two year statute of limitations found in sections 440.13(3)(b) and 440.19(l)(a), Florida Statutes (1977). I concur in affirming the deputy commissioner and would recede from this court’s opinion in Johnson v. Division of Forestry, 397 So.2d 761 (Fla. 1st DCA 1981).
*62 Daniel injured his knee in a work-related accident on August 15, 1978. The last benefits for this injury were paid on November 1,1978 by the carrier, Fidelity & Casualty Co. of New York. Three years and two days later, on November 3, 1981, Daniel again injured his knee in a work-related accident. This injury was insubstantial, temporary and transient, and had totally dissipated by November 17, 1981. On July 6, 1982, Daniel injured his knee playing volleyball. He told his employer he was again having trouble with his knee, but he didn’t tell the employer about the volleyball injury. The current carrier, American Mutual Insurance Company, paid temporary total disability payments until August 23, 1982, when it determined Daniel could return to work. In October, 1982, surgery was performed on the knee, and the doctors determined that the 1978 injury was the source of Daniel’s knee problems. On November 24, 1982, American Mutual controverted future benefits on the ground that Daniel’s problems were related to the 1978 injury and not to the 1981 injury. In January, 1983, Daniel filed an amended claim for disability benefits and medical treatment, naming both carriers. The deputy commissioner found that the 1982 volleyball injury would not have occurred except for the compensable 1978 injury, but that the claim against Fidelity & Casualty Co. of New York was barred by the statute of limitations.
I agree; however, if we were to follow Johnson v. Division of Forestry, supra, we would have to conclude that the voluntary payments made by American Mutual Insurance Company in July and August, 1982, revived the two year period in which Daniel could claim against Fidelity & Casualty Co. of New York for the 1978 injury. Johnson renders meaningless the statute of limitations and the fundamental purpose of the compensation act. The statute of limitations protects the employer against claims too old to be successfully investigated and defended. The purpose of the compensation act is to encourage prompt and non-adversarial payment of benefits. To follow Johnson would invite carriers to withhold voluntary payments until completion of a thorough investigation of the claimant’s medical history. The plain language of the statute says that the two year limitation starts after the last voluntary payment. It does not say that a new two year claims period commences upon any future voluntary payment.
The Johnson court's reliance on Watson v. Delta Airlines, Inc., 288 So.2d 193 (Fla.1973) was misplaced. Watson was not concerned with reviving a claim following the running of a statute of limitations. Watson determined that Miller v. Brewer Co., 122 So.2d 565 (Fla.1960) did not apply to the facts before the court because the legislature had changed the law concerning when a statute of limitations started to run. The Judge of Industrial Claims had referred to Miller in his decision.
Before distinguishing Miller, the Watson court had to determine another issue which was the principal holding of the case. The court ruled that the Judge of Industrial Claims erred when he found that remedial medical care voluntarily furnished by the employer related only to a nonwork-related injury on December 15, 1969. The court held that remedial medical treatment furnished beginning January, 1970 and ending April, 1970 related to an industrial accident of February 1, 1968. Having reversed the Industrial Relations Commission on this ev-identiary issue, the court had to address the reference to Miller.
At the time of the Miller decision a claim not filed within two years of the date of the injury was barred upon assertion of the statute of limitations defense. At the time of the Watson decision the legislature had changed the law to provide an exception to the Miller rule. As long as the employer is voluntarily paying compensation or providing remedial care, the statute of limitations does not begin to run. It is when no compensation or remedial care is provided that the employee must begin to watch the calendar. If he allows two years to elapse after receipt of his last benefit or treatment before filing a claim, *63 he will face the statute of limitations defense. The key is that the defense is available whenever a period of two years passes without the furnishing of remedial treatment or compensation without an award. If one of these events occurs within two years of the most recent provision of treatment or benefits, the worker’s claim remains alive and subject to a two year limitations defense from the most recent date. Once a two year period runs, however, voluntary treatment or compensation does not revive the claim. The claimant is then left to the employer’s beneficence for assistance, and his claim is subject to the limitations defense if and when it is asserted. There is nothing in section 440.19(l)(a), F.S. (1977) which provides for a reviving of a claim after the statute of limitations has run.
The Watson reference to the dual bases on which its claimant fell within the statutory exception was correct. The claim in Watson was filed on May 25, 1970, well within two years following the providing of remedial treatment and compensation, both of which were terminated in April, 1970. The issue of reviving a statute of limitations that had run was not before the court, and the Johnson court’s reliance on Watson was therefore incorrect.
MILLS, BOOTH, WENTWORTH, JOA-NOS and THOMPSON, JJ., concur.