490 So.2d 1252 (1986)
Leonard H. DANIEL, Petitioner,
v.
HOLMES LUMBER COMPANY, et al., Respondents.
No. 67341.
Supreme Court of Florida.
June 26, 1986.
*1253 William A. Bald of Pajcic Pajcic Dale & Bald, Jacksonville, for petitioner.
William R. Swain and David A. McCranie of Webb, Swain & O'Quinn, P.A., and Karen K. Cole of Boyd, Jenerette, Staas, Joos, Williams & Felton, P.A., Jacksonville, for respondents.
Harry G. Goodheart, III and Paulette R. Pace, Bradenton, for The Academy of Florida Trial Lawyers, amicus curiae.
McDONALD, Justice.
The First District Court of Appeal has certified the following question as being of great public importance:
IS A CLAIM FOR WORKERS' COMPENSATION BENEFITS TIMELY WHEN IT IS FILED WITHIN TWO YEARS OF THE LAST PAYMENT OF COMPENSATION OR FURNISHING OF MEDICAL TREATMENT BUT THERE PREVIOUSLY OCCURRED A TWO YEAR PERIOD WHEN NO COMPENSATION BENEFITS WERE PAID OR MEDICAL TREATMENT FURNISHED?
Daniel v. Holmes Lumber Co., 471 So.2d 60, 66-67 (Fla. 1st DCA 1985). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the question in the affirmative, quash the decision of the district court, and remand for further proceedings consistent with this opinion.
Daniel injured his knee in a work-related accident on August 15, 1978. His employer's insurance carrier, Fidelity & Casualty Company of New York (Fidelity), paid the last workers' compensation benefits for the injury on November 1, 1978. During March 1979 the employer changed insurance carriers from Fidelity to American Mutual Liability Insurance Company (American). On November 3, 1981 Daniel again injured his knee in a work-related accident and received medical treatment on November 13 and November 17, 1981 for which American paid. By November 17, however, the injury appeared to dissipate.
On July 6, 1982 Daniel reinjured his knee while playing volleyball and informed his employer that his knee was again giving him trouble. Apparently believing the July 6 reinjury to be related to the November 3, 1981 accident, American made temporary total disability payments to Daniel until August 23, 1982 when it determined that Daniel could return to work. In October 1982 Daniel had surgery performed on his knee and the doctors determined the 1978 injury to be the source of all Daniel's subsequent knee problems. On November 24, 1982 American refused to pay any future workers' compensation benefits to Daniel on the ground that the knee problems were related to the 1978 injury, which occurred before American became the insurance carrier.
In June 1983 Daniel filed an amended claim for disability benefits and medical treatment, naming both Fidelity and American as parties. The deputy commissioner found that the 1982 volleyball injury would *1254 not have occurred except for the 1978 injury, but that the statute of limitations contained in sections 440.13(3)(b) and 440.19(1)(a), Florida Statutes (1977), barred any claim against Fidelity. On en banc hearing before the First District Court of Appeal, the court split on a six-to-six vote which had the effect of affirming the deputy commissioner's ruling. Fla.R.App.P. 9.331. Upon Daniel's motion, the district court certified the instant question to this Court.
Section 440.19(1)(a) provides:
The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within 2 years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
Just as section 440.19(1)(a) deals with the right to disability compensation, section 440.13(3)(b) provides a parallel provision with the identical exceptions for recovery for remedial attention.[1] The parties agree that, under the express language of sections 440.13(3)(b) and 440.19(1)(a), a claim filed within two years of a compensation payment voluntarily made without an award would normally be timely. The argument centers around whether American's voluntary compensation payments had any effect because American made them more than two years after Fidelity made its final compensation payment for the 1978 injury. Fidelity and the other respondents contend that the statute of limitations began running on November 1, 1978 and that once the two-year limitation period expired no subsequent payments or remedial attention could revive the period for filing a claim related to that injury. On the other hand, Daniel maintains that under the plain terms of both sections 440.13(3)(b) and 440.19(1)(a) the occurrence of a two-year time gap in compensation payments is irrelevant. Daniel argues that, so long as he filed his claim within two years of the last compensation or remedial treatment, his claim is timely.
Both the conflicting case law which the parties cite and the six-to-six vote in the district court reflect the judicial confusion as to the precise effect of voluntary compensation payments upon the two-year limitations period contained in sections 440.13(3)(b) and 440.19(1)(a). Prior to 1963, a claimant's right to additional remedial treatment clearly became barred two years after the last dispensation of continuous remedial treatment. As this Court held in Miller v. Brewer Co., 122 So.2d 565 (Fla. 1960), the fact an insurance carrier voluntarily complied with a claimant's request for subsequent remedial treatment once two years had passed did not revive the right of the claimant to remedial treatment under section 440.13(3)(b).
In what may have been a response to the denial of relief in Miller, however, the Florida legislature in 1963 amended section 440.13(3)(b) and created the two-year extended statute of limitations, triggered by voluntary remedial treatment or compensation, that existed in 440.13(3)(b) at the time relevant to the case at bar. Watson v. Delta Airlines, Inc., 288 So.2d 193, 194 (Fla. 1973). Ten years after this amendment, we reconsidered the application of sections 440.13(3)(b) and 440.19(1)(a) to compensation claims. Watson v. Delta Airlines, Inc. dealt with an airline employee who filed a claim seeking workers' compensation benefits for a knee injury. The claimant had sustained an injury to his knee while playing football in 1963 and reinjured the knee in another accident in August 1967. Following the 1967 accident, the claimant received voluntary medical services from the employer and did not file a claim. On February 1, 1968 the claimant again injured the knee in a work-related accident when his leg was pinned between two trucks. Although this was a compensable injury, the claimant again did not file a workers' compensation claim. On December *1255 18, 1969, however, the claimant suffered a pulled hamstring which was later diagnosed as being partially related to the 1968 injury. The employer voluntarily authorized remedial treatment which began in January 1970 and ended in April 1970. Also, the employer voluntarily paid the claimant temporary total disability benefits from February to April 1970. The claimant filed his compensation claim on May 25, 1970.
Relying on Miller, the judge of industrial claims in Watson denied relief, stating that "it is obvious that more than two years elapsed after the injury of February 1, 1968, before the claim was filed" and that the voluntary payment of benefits did not reactivate the filing period. 288 So.2d at 194. The Industrial Relations Commission (IRC) affirmed. In quashing the IRC order we observed that, due to the 1963 amendment to section 440.13(3)(b), Miller no longer applied. Indeed, we noted that while under Miller and the pre-1963 statute an employer's voluntary compliance did not revive a claimant's right to remedial treatment, such was no longer the case because the amended statute included the two-year extended statute of limitation exception where employers made voluntary remedial treatment or voluntary compensation payment. Id.
In a strict sense Watson did not deal with the two-year gap issue before us today because the employer in Watson furnished remedial treatment within two years of the injury.[2] The language in Watson, however, indicates that the existence of such a gap should be of no import. Indeed, if such were not the case there would have been no need for us to expressly reject Miller, which dealt with such a gap. As in Watson, the critical question in the case at bar is whether Daniel filed a claim within two years of the last compensation payment or remedial treatment causally related to a compensable injury.[3]
The respondents point to a number of cases which the IRC decided subsequent to Watson that ignore Watson and hold that the providing of medical care after the time limit for filing a claim has run does not revive the claim period. E.g., Florida Power & Light Co. v. Wilson, IRC order 2-3789 (Apr. 25, 1979); Mangurian's v. Johnson, IRC order 2-3464 (June 28, 1978), cert. denied, 368 So.2d 1370 (Fla. 1979); Hunt v. Southland Plumbing, IRC order 2-3352 (Feb. 14, 1978), cert. denied, 366 So.2d 885 (Fla. 1978). See A. Larson, The Law of Workman's Compensation (MB) § 78.71 (1983). The respondents further argue that Hodges v. State Road Department, 171 So.2d 523 (Fla. 1965), also lends support to this position. As to Hodges, however, we find that it focused more on res judicata than the issue presently before us and we decline to read a binding pronouncement into Hodges when that opinion mentioned neither section 440.13(3)(b) nor 440.19(1)(a). Moreover, both the injury and the unappealed order of the deputy commissioner considered in Hodges occurred prior to the 1963 amendment.
Although a number of cases decided by the IRC during the 1970s either ignore or misconstrue Watson, later cases decided by the First District Court of Appeal during the 1980s have correctly applied Watson and found the existence of a continuous two-year gap in treatment or compensation irrelevant. E.g., Bowman v. Food Fair Stores, 400 So.2d 793 (Fla. 1st DCA 1981), review denied, 412 So.2d 465 (Fla. 1982); Johnson v. Division of Forestry, 397 So.2d 761 (Fla. 1st DCA), review denied, 407 So.2d 1103 (Fla. 1981). Moreover, in Johnson *1256 the first district expressly rejected the old line of IRC cases when it noted that those cases had lost their authoritative value in the face of Watson. 397 So.2d at 763. We agree.
Notably, the dispute at the district court level in the instant case seemed to center around the en banc panel's philosophical split as to whether the district court should recede from Johnson. Both the concurring and dissenting judges acknowledged that under Johnson American's voluntary payments would have revived Daniel's two-year filing period against Fidelity. Rather than focusing on Johnson, however, the district court should have concentrated on the plain language of the statutes themselves.
Florida's workers' compensation laws are remedial in nature and the courts should resolve any doubts as to statutory construction in favor of providing benefits to injured workers. Hacker v. St. Petersburg Kennel Club, 396 So.2d 161 (Fla. 1981); Farrens Tree Surgeons v. Winkles, 334 So.2d 569 (Fla. 1976); Thomas Smith Farms v. Alday, 182 So.2d 405 (Fla. 1966); Topeka Inn Management v. Pate, 414 So.2d 1184 (Fla. 1st DCA 1982). Yet in the case of sections 440.13(3)(b) and 440.19(1)(a) no ambiguities exist. These statutes unequivocally state that so long as an employee files a claim within two years of the last voluntary compensation payment or dispensation of remedial treatment made without an award the claim is timely. §§ 440.13(3)(b) & 440.19(1)(a), Fla. Stat. (1977). Neither statute contains any reference whatsoever to the relevance of a two-year gap in time. When the language of a statute is clear, courts may not look beyond the plain meaning of that language. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983); Carson v. Miller, 370 So.2d 10 (Fla. 1979); Heredia v. Allstate Insurance Co., 358 So.2d 1353 (Fla. 1978); Phil's Yellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961). Therefore, given the unambiguous language of sections 440.19(1)(a) and 440.13(3)(b), it would be inappropriate for us to read into the statutes more obstacles for claimants than these provisions otherwise require.
Accordingly, we answer the certified question in the affirmative, quash the opinion of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., concurs in part and dissent in part with an opinion, in which BOYD, C.J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the majority's affirmative answer to the certified question; however, for the reasons stated below I must dissent with the result it reaches.
The majority notes that American made the disability payments to Deniels for the 1982 reinjury to his knee "believing the July 6 reinjury to be related to the November 3, 1981 accident." By simply noting this mistaken belief, the majority seems to equate a finding that the injuries compensated for by American actually resulted from the 1978 accident with a finding that the employer, through American, voluntarily paid benefits for injuries resulting from the 1978 incident. I do not consider these two findings interchangeable. If voluntary provision of compensation or treatment is to be considered a waiver of the initial two-year limitations period, reviving time barred claims for workers' compensation benefits, it seems only logical to me that this be a knowing waiver. In other words, an employer or carrier, acting in its stead, must be aware or have reason to know it is providing benefits in connection with an otherwise stale claim.
To hold otherwise, would cause carriers to be reluctant to provide voluntary benefits without first conducting an indepth investigation into the cause of a newly manifested injury, causing unnecessary delay in getting needed benefits into the hands of the injured worker. Provisions of the Florida *1257 Workers' Compensation Act should be construed in a manner consistent with the underlying legislative intent to accommodate the employer and the employee and to expedite the claims process. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 210 (Fla. 1st DCA 1981).
Since there is evidence in the record that American believed it was compensating for injuries arising from the 1981, rather than 1978, accident, I would quash the district court of appeal's opinion affirming the finding that the claim is barred but would remand for a determination as to whether American knew or should have known that it was compensating for injuries arising from the 1978 accident.
BOYD, C.J., concurs.
NOTES
[1] The two limitation provisions were combined in 1978. § 440.19, Fla. Stat. (1985).
[2] The judge of industrial claims initially found a gap of over two years and denied relief on that basis. We found this determination to be error, however, because the employer provided remedial treatment within the two-year period and that treatment was causally related to the 1968 injury. 288 So.2d at 195.
[3] We reject the respondents' assertion that Watson is distinguishable from the instant case because the employer in Watson was self-insured. Under Florida's workers' compensation laws, the employer is always considered to have furnished any compensation benefits paid. Any particular insurance carrier's involvement is irrelevant. Iowa National Mutual Insurance Co. v. Webb, 174 So.2d 21 (Fla. 1965).