GILLESPIE, Presiding Justice.
J. T. Barnes, plaintiff below and appellee here, sued Buford Yerger and William J. *513 Shutt in damages for personal injuries sustained in a collision involving three vehicles driven by the three parties. Plaintiff settled with Shutt by accepting the sum of $4,333.49. The suit proceeded to trial against Yerger, resulting in a verdict for plaintiff in the same amount of the Shutt settlement, $4,333.49. Yerger appeals. We hold that Yerger was entitled to a peremptory instruction.
The collision in which plaintiff Barnes sustained injuries occurred on U. S. Highway No. 49 a short distance south of the City of Jackson. Yerger was driving a Chevrolet automobile north on said Highway No. 49, a two-lane highway where the collision occurred. Yerger, according to his undisputed testimony, was driving north between 35 and 40 miles an hour in a 40-mile-per-hour zone at a time when a long line of traffic was moving south. It was about four o’clock P.M. A pickup truck driven by Shutt suddenly pulled into the highway from the west just behind the last of the line of southbound vehicles. Yerger said he could not see the Shutt truck because of the southbound vehicles until the Shutt truck was near the center line of the highway moving east. He testified that he had no time to do more than hit his brakes and turn gradually to the right. Yerger’s automobile struck the Shutt truck on the right side near the cab and knocked the Shutt truck around so that it was headed north partly in the southbound traffic lane. Just after Yer-ger’s automobile collided with the Shutt truck, a pickup truck driven by plaintiff Barnes, which was travelling south, collided head on with the Shutt truck.
The plaintiff testified that when he first saw the Shutt truck it was well off the highway on the west side moving toward the highway and that it entered the highway without stopping. Plaintiff testified that he was travelling about 35 miles per hour and was from 120 to 150 feet north of the Shutt truck when he first saw it, and when the Shutt truck began to enter the highway he, plaintiff, applied his brakes in order to slow down so as to give Shutt time to cross ahead of plaintiff. He said Shutt’s truck had not completely crossed the center line when it was knocked back in front of plaintiff. Plaintiff never saw the Yerger vehicle prior to the collision.
Mr. Shutt testified that he left a service station located on the west side of the highway and moved toward the highway intending to turn north. He said he stopped and let fifteen or twenty southbound cars and trucks pass. He testified that he looked north and saw nothing, and looked south and saw a big truck coming from the south which was some distance away. He stated that he then eased out into the highway and was struck first by the Yerger automobile, then by the plaintiff’s truck. Shutt testified that he never saw the Yerger automobile and that a big truck going south may have kept him from seeing it.
The Shutt truck came to rest in the southbound lane headed north, jammed into the front of plaintiff’s truck which was headed south. The Yerger automobile came to rest about half on and half off the highway. All three vehicles were heavily damaged.
Plaintiff alleged that Yerger was guilty of negligence in (1) failing to keep a reasonable and proper lookout, (2) not having his automobile under reasonable and proper control, and (3) driving at an excessive and unlawful speed.
There is no substantial evidence to establish either of these charges of negligence.
It is undisputed that there was heavy traffic moving south and that the Shutt truck was driven into the highway shortly after the last of the southbound vehicles passed. Yerger’s testimony was that his view of the west side of the highway was blocked by southbound vehicles and that he had no opportunity to see the Shutt truck until it entered the highway. This is not disputed by the plaintiff or by Mr. Shutt. Mr. Shutt did say at one time that there was nothing to keep Yerger from seeing him, but Shutt also said he did not see the Yerger vehicle and that a big truck going south may *514 have blocked the view. We are of the opinion that there was insufficient evidence to make a jury issue on the question of failure to keep a proper lookout.
The two other charges of negligence involve proper control of the Yerger vehicle and speed. These charges ought to be considered together. Yerger testified that he was travelling from 35 to 40 miles per hour. The collision occurred in a 40-mile speed zone. There is no proof contradicting this testimony. It is argued that the extent of damage to the vehicles and the testimony of Mr. Shutt that he did not see the Yerger vehicle created conflicts from which the jury could find that Yerger was travelling at an excessive speed. This Court said in Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So.2d 226 (1962) that the court must accept as true all evidence supporting the party against whom a peremptory instruction is requested and that negligence may be established by circumstantial evidence. However, we are of the opinion that in this case the proof as to the cause of the collision was established by direct evidence and that there is no substantial circumstantial or direct evidence that Yerger failed to have his automobile under proper control or that he was driving at an excessive speed.
It is also argued that Yerger had the last clear chance to avoid the collision and that there was a wide paved shoulder area east of the point of collision onto which Yerger could have turned his vehicle. Some of the witnesses testified that if Yer-ger had pulled a few feet to the right he could have avoided the collision. There was no charge in the declaration that Yer-ger failed to reasonably turn to the right, but aside from that we are of the opinion that there is no substantial evidence that Yerger had time to stop or turn his vehicle after he saw or should have seen the Shutt truck crossing in front of his automobile. Cf. Campell v. Schmidt, 195 So.2d 87 (Miss.1967) and Moseley v. Bailey, 193 So.2d 729 (Miss.1967).
We are therefore of the opinion that the case should be reversed and judgment entered here for the appellant.
Reversed and judgment here for appellant.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.