JONES, Justice.
On March 18, 1967, about 6:30 p.m., ap-pellee Lee was struck by a car driven by appellant on DeBuys Road in the City of Gulfport. Appellee thereafter sued appellant in the Circuit Court of Harrison County for personal injuries and recovered a verdict of $4,500 from which appellant appeals.
The following errors are assigned and argued: (1) That the verdict is against the overwhelming weight of the evidence, (2) that the court erred in refusing two instructions requested by appellant, and (3). that the court erred in granting appellee two instructions as to speed.
The evidence as to how the accident occurred is in hopeless conflict.
Appellant’s proof was that as he traveled south, he caught a glimpse of a moving object to his left, which suddenly emerged from behind a car traveling north. Appellant later saw it was a man and undertook to evade him by turning to the right, but appellee was struck by, or walked into, the left rear side of appellant’s car.
.Appellee’s testimony, corroborated by at least one witness was that he, appellee, was on the west side of the road, standing about two feet from the pavement, when appellant’s car suddenly headed toward him. As he, appellee, turned or whirled in an effort to avoid being struck he was hit and knocked into the middle of the road.
*252 The jury could have resolved the issue either way, therefore, the first assignment is without merit.
Appellant requested and was refused these two instructions:
INSTRUCTION NO. 10
The Court instructs the jury on behalf of the defendant that if you believe from the evidence in this case, if any, that the plaintiff in this case had been consuming alcoholic beverages at the time of the accident giving rise to this lawsuit and that his reasoning power and judgment were affected thereby and that his consumption of alcohol was the sole proximate cause of the accident, then it is your sworn duty to return a verdict for the defendant.
INSTRUCTION NO. 11
The Court instructs the jury on behalf of the defendant that if you believe from the evidence in this case, if any, that the plaintiff in this case had been consuming alcoholic beverages at the time of the accident giving rise to this lawsuit and that his reasoning power and judgment were affected thereby, and if you further believe from the evidence, if any, that his reasoning power and judgment were affected to the extent that he was unable to reasonably care for himself and that this condition, if you believe from the evidence, if any, that he was so affected, was the sole proximate cause of the accident, then it is your sworn duty to find for the defendant.
These instructions told the jury in effect that if they believed the appellee was drinking or intoxicated, they could find that his condition as a result of drinking was the sole proximate cause of his injury. They did not couple his intoxication, if any, with any action on his part that might have caused the accident. The man’s condition, alone, would not excuse negligence in injuring him, any more than such condition alone would support a plea of self-defense in a criminal case. The instructions were properly refused.
Appellee was given two instructions as follows:
INSTRUCTION NO. 2
The Court instructs the jury for the plaintiff, Claude Lee, that if you believe from a preponderance of the evidence in this case that the defendant, Dale F. Shields, was operating his Corvette automobile at the time of the accident complained of, at night on the public streets of Gulfport, Mississippi, at such speed as not to permit the defendant to avoid striking a pedestrian, within the range of his lights, then this constituted negligence, and if you further believe from the evidence that this negligence, if any, was the proximate or contributing cause of the accident, then it is your sworn duty to return a verdict for the plaintiff, Claude Lee.
INSTRUCTION NO. 3
The Court instructs the jury for the plaintiff, Claude Lee, that it is a violation of the laws of this State for anyone to drive or operate a motor vehicle along a public street or highway at a greater rate of speed than is reasonable and proper, having due regard for the traffic and the use of the highway, so as to endanger the life or limb of any person; and that the driver of a motor vehicle does not have the right to a clear and unobstructed highway, but must anticipate the presence of other persons and vehicles thereon, and he must, at all times, drive his motor vehicle at such rate of speed as to enable him to avoid injury to such persons when they come, or by the exercise of ordinary care, would come within his vision or under his observation.
And the Court further instructs the jury that DeBuys Road, the street in *253 volved in this suit, constituted at the time in question a public street or highway as herein referred to.
Under the facts of this case (the appellee having appeared suddenly from behind a car in the east lane and directly in front of appellant, or having been off the pavement on the west side), these instructions should not have been given. Appellant, however, was given every instruction requested, except a peremptory and the two instructions heretofore copied. The instructions given clearly and forcefully presented appellant’s theory.
The jury could not have been misled and, therefore, we think the questioned instructions were harmless.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.