DAN M. LEE, Justice,
for the Court:
This is an appeal from the Circuit Court of Marion County wherein the appellant, Randy Rideout, filed a complaint seeking damages for the alleged negligence of the appellee, Tony Bruce Knight, which allegedly resulted in a traffic accident in which Rideout was injured. Following the completion of Rideout’s case, the court sustained Knight’s motion for a directed verdict. On this appeal, Rideout argues that the granting of the directed verdict was error. We agree and, therefore, must reverse this cause.
The first witness was Tony Knight, called adversely. Knight testified that on June 10, 1980, he was traveling north on Highway 13. He saw two boys on bicycles about five hundred yards ahead of him. They were also traveling north side by side. One of the boys looked over his shoulder and saw Knight approaching. Thereafter, the bicyclists got single file. Knight testified that he slowed his Jeep down so that southbound vehicles could pass him before he attempted to pass the bicyclists. After the southbound vehicles got around him, Knight attempted to pass the bicyclists. Knight admitted that he did not sound his horn as he went past the bicyclists and he did not entirely clear the bicyclists’ lane. Knight’s testimony was that at the point of *1043 impact he was straddling the center line with his Jeep. At impact the right door on Knight’s Jeep came off.
Knight admitted saying, “Oh, my God, what have I done?” to Linda Pittman soon after the accident.
Jimmy Stringer, an officer with the Mississippi Highway Patrol, testified that he investigated the accident. When he arrived he found Randy Rideout lying in the middle of the highway. Rideout’s head was in a pool of blood. Stringer testified that visa-bility that day was “real clear.” Stringer also testified that Knight’s Jeep was damaged on the right door handle. He stated that there was no indication of any impact to the front of the Jeep. Knight told Stringer that he had swerved to the left to avoid the collision but was obviously unsuccessful. Officer Stringer did not issue a citation.
Randy Rideout, the plaintiff, testified in his own behalf. He stated that on June 10, 1980, he was riding his bicycle and his friend Steve Akins was riding a bicycle just in front of him. Rideout testified that he knew he did not swerve in front of the Jeep but that he had lost any memory of just how the accident had occurred. Rideout suffered head injuries and a deep gouge in his left arm.
Linda Pittman testified that she came upon the scene of the accident soon after it occurred. She saw Rideout lying in a pool of blood in the middle of the road. Officer Stringer asked her to accompany Knight to the hospital. She rode with Knight in his Jeep and testified that the right door was missing. Knight told her that as he passed the bicyclists the door on the right side of his Jeep flew off.
Other testimony adduced at trial related to Rideout’s injuries and is not relevant to the issue of causation. Following the close of Rideout’s ease the trial court sustained Knight’s motion for a directed verdict.
The sole issue on this appeal is whether the granting of the directed verdict was correct. The standard of review when this Court addresses the propriety of a directed verdict was set out in the oft cited Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss.1975);
We have held many times that in passing on a motion for a directed verdict the court must look only to the testimony adduced for the plaintiff and accord truthfulness to it and indulge all favorable inferences that could be drawn therefrom, and if either is sufficient to support a verdict, then the motion for a directed verdict should be overruled. We have also stated in considering a motion for a directed verdict that it should be overruled even though a verdict in favor of the plaintiff would be contrary to the overwhelming weight of the evidence. King v. Dudley, 286 So.2d 814 (Miss. 1973).
319 So.2d at 655.
The circuit court found that the evidence adduced for Rideout would not have sup-. ported a verdict for him and that therefore the directed verdict was proper. We are of the opinion that the learned circuit judge erred. Granted, evidence adduced for Rideout was slim; however, it was established that Knight did not sound his horn as he passed the bicyclists. Knight admitted that he had not entirely cleared the bicyclists’ lane of traffic as he passed them but was only straddling the center line. Knight stated to Linda Pittman that he thought he was past the bicyclists when the impact occurred and the door of his Jeep flew off. This may be considered an admission by Knight that he was unaware of the location of his vehicle in relation to the bicyclists as he passed them, thereby supporting Rideout’s theory that Knight failed to keep a proper lookout and pass at a safe distance.
Additionally, because Rideout testified that he did not swerve into the path of the Jeep and because Knight admitted impact, we are of the opinion that the jury could have found that Knight did not give sufficient clearance to the bicyclists as he passed them. Furthermore, we refer to § 63-3-609 Miss.Code Ann. (1972) which requires that the driver of a vehicle passing another vehicle proceeding in the same di *1044 rection shall pass to the left thereof “at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.” Section 63-3-207 states that the traffic regulations embodied in the state code are equally applicable to persons riding bicycles. Therefore, under the laws governing the use of the state’s roadways, Knight was obligated to pass Rideout at a sufficiently safe distance. It was a question of fact for the jury as to whether Knight negligently failed to do this.
From the facts adduced at trial we are of the opinion that the jury could have found that Knight failed to pass at a safe distance, failed to keep his vehicle under control, failed to maintain a proper lookout for other persons using the highway and, failed to use reasonable care in overtaking and passing Rideout.
Therefore, we hereby reverse this cause and remand to the Circuit Court of Marion County for proceedings consistent with this opinion.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.