The Circuit Court of Smith County, Honorable L.D. Pittman, presiding, entered judgment in favor of Joe Duckworth against Anthony Miles in the amount of fifty thousand dollars ($50,000) for personal injuries and damages sustained as a result of an automobile-truck collision. Miles has appealed to this Court and assigns two errors in the trial below.
On January 16, 1982, appellee, age 35, was notified that his 1969 Chevrolet pickup truck had broken down in Laurel, Mississippi. At approximately 6 p.m., he and Charles Ray Duckworth left Taylorsville, Smith County, Mississippi, in appellee's Camaro automobile for the purpose of moving the truck and in order to protect his personal property in the truck. They arrived at the truck, checked same, and then ran some other errands before returning between 8:30 and 9 p.m. The truck was off the main portion of U.S. Highway 84 on the north shoulder. The two men attached a chain from the Camaro to the truck, and, with Charles Duckworth driving the Camaro and appellee in the truck, pulled it onto, and along, U.S. Highway 84.
The gear mechanism of the truck locked up and it could no longer be towed. Charles Duckworth turned the Camaro toward the shoulder of the highway and attempted to pull the truck with it. The evidence is conflicting as to where the truck was stopped on the highway. Some testimony was to the effect that it was in the middle of the lane, while appellee and Charles Duckworth testified it was not more than three (3) feet into the highway. Also, there was a dispute as to how much light was shining on and around the truck *Page 758 
from a street light and stop light. Appellee and Charles Duckworth stated that there was a street light directly over the top of the truck while appellant and a highway patrolman stated that there were no street lights in the immediate vicinity. At any rate, appellee climbed underneath the truck in an attempt to free the mechanism which was locked up and Charles Duckworth, according to him and appellee, was approximately 25 yards behind the truck with a flashlight, directing traffic.
Appellant, age 18 years, was driving an automobile owned by the father of his girl friend, Christi Parish. They were traveling east on U.S. Highway 84, having turned into it from Highway 15, about thirty (30) to forty (40) yards from the truck, and were approaching the pickup truck from the rear. Appellant stated that he first noticed the truck about ten (10) feet away before colliding with it. According to him, the impact was not hard, but he knew appellee was injured in the collision. At the time of the collision, appellee was lying under the truck with his head pointing toward the center of the highway, trying to disconnect the locked drive shaft. The pickup truck was knocked over appellee, hitting him in the hip and across the chest. He sustained injuries to his back, hip, ribs and chest areas, and was taken from the accident scene by ambulance to the Jones County Hospital in Laurel.
 I.
DID THE LOWER COURT ERR IN GRANTING APPELLEE INSTRUCTION P-11 WHICH FAILED TO DEFINE ACTS WHICH CONSTITUTE NEGLIGENCE?
Instruction P-11, which appellant contends to be error, follows:
 The Court instructs the jury that if you believe from a preponderance of the evidence that Anthony Miles in the operation of the vehicle which he was driving at the time and place of the vehicle collision which occurred on January 16, 1982, failed to keep a reasonable and proper lookout for other traffic and vehicles; or he failed to have his vehicle under reasonable and proper control; then such action, or actions, if any, on the part of said Anthony Miles constitutes negligence. If you further believe by a preponderance of the evidence that such action or actions, if any, on the part of the defendant, Anthony Miles, proximately caused or proximately contributed to the collision in this cause, and that the plaintiff sustained injuries and damages as a direct result of said collision, then you are under a sworn duty to return a verdict for the plaintiff against the defendant, Anthony Miles.
The appellant objected to the above instruction on failure to keep a proper lookout and failure to have appellant's vehicle under reasonable and proper control on the ground that no factual premise was stated in the instruction. He now argues the case went to the jury without any guidelines or direction as to what facts were in issue or applicable to proper lookout. In his original brief, appellant cites, as authority that the Instruction P-11 was erroneous, the cases of Trainer v. Gibsonand Central Paper Co., Inc., 360 So.2d 1226 (Miss. 1978); Jonesv. Craft, 218 So.2d 727 (Miss. 1969); Rayborn v. Freeman,209 So.2d 193 (Miss. 1968); Yelverton v. State, 191 So.2d 393
(Miss. 1966); Gore v. Patrick and Capitol Tobacco and SpecialtyCo., 246 Miss. 715, 150 So.2d 169 (1963). We distinguish the cited cases from the case sub judice. While they correctly state the law, the Instruction P-11 is different from those granted in the cited cases. In his reply brief, appellant has cited other authorities, but we are not persuaded by them.
The pertinent part of Instruction P-11 which differs from the above cases is: ". . . that Anthony Miles in the operation of the vehicle which he was driving at the time and place of the vehicle collision . . . failed to keep a reasonable and proper lookout for other traffic and vehicles; or he failed to have his vehicle under reasonable and proper control; then such action, or actions, if any, on the part of said Anthony *Page 759 
Miles constitutes negligence. . . ." The instruction properly related: (1) the failure to keep a proper lookout; (2) or to exercise reasonable and proper control of the vehicle appellant was driving at the time and place of the collision and other traffic and vehicles on the highway. The instruction is neither abstract, nor confusing to the jury. It properly submits the issues in the case and has been approved by this Court, in the same or similar form, many times through the years. Rideout v.Knight, 463 So.2d 1042 (Miss. 1985); McLeod v. Whitten,413 So.2d 1020 (Miss. 1982); Haver v. Hinson, 385 So.2d 605 (Miss. 1980); Smith v. Alford, 245 So.2d 188 (Miss. 1971); Callenderv. Cockrell, 217 So.2d 643 (1969); Stewart v. White,220 So.2d 271 (Miss. 1969); Butler v. Ryder Truck Lines, Inc.,215 So.2d 707 (Miss. 1968); Shields v. Lee, 215 So.2d 251 (Miss. 1968);Yerger v. Barnes, 205 So.2d 512 (Miss. 1968); Bounds v.Payne, 190 So.2d 871 (Miss. 1966); Scott County Co-Op v.Brown, 187 So.2d 321 (Miss. 1966); Jones v. Richards,181 So.2d 923 (Miss. 1966); Montague v. Jones, 254 Miss. 104,180 So.2d 316 (1965).
 II.
WAS THE VERDICT OF THE JURY CONTRARY TO THE LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
After studying the record and reading the briefs, we are convinced that this is a classic case for the jury to determine liability from disputed facts. Simply put, the evidence introduced by the plaintiff/appellee, if believed by the jury, establishes liability. The evidence adduced by the defendant/appellant, if believed by the jury would justify it in returning a verdict for the appellant. The purpose of the jury is to resolve that factual issue. The law has been established for many years. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652
(Miss. 1975); Mills v. Nichols, 467 So.2d 924 (Miss. 1985);See Mississippi Key Digest, Lexis, and Westlaw.
The appellant further contends that the verdict of the jury is grossly excessive on damages. Appellant states at page 13 of his brief:
 The over-all impression received from this record is of a jury, neither concerned with the Mississippi law of negligence, nor dedicated to the proposition of a fair trial.
The lower court granted a contributory negligence instruction, requested by appellant. This Court cannot say that the jury would not have returned a larger verdict, but for the contributory negligence instruction.
The appellee had lost earnings of twenty-eight hundred sixty-four dollars ($2,864.00), medical expenses in the amount of thirty-eight hundred fifty-one dollars ninety cents ($3,851.90), and future medical in the sum of five hundred dollars ($500.00). Appellee testified in detail about the pain and suffering he has endured and the limited activity he now has as a result of his injuries. Dr. Ralph Wicker, a neurosurgeon who admitted appellee to Forrest County General Hospital, Hattiesburg, Mississippi, and attended him, Dr. Donald E. Cook, an orthopedic surgeon, and Dr. Vance Baucum, medical practitioner, testified in behalf of appellee and corroborated his injuries and the extent of them.
This Court will not set aside the verdict of a jury on damages unless we are convinced that the verdict resulted from bias, passion or prejudice on the part of the jury, and the verdict is shocking to our conscience on the evidence presented. We are unable to so say. The damages were a question for the jury.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur. *Page 760